J-S10015-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
:           PENNSYLVANIA
:
v. :
:
:
:
ALEX MOODY :
:
Appellant : No. 942 EDA 2018

Appeal from the PCRA Order February 22, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006293-2012

BEFORE: GANTMAN, P.J.E., STABILE, J., and COLINS*, J.

MEMORANDUM BY COLINS, J.: **Filed March 19, 2019**

Appellant, Alex Moody, *pro se*, appeals from the order of the Court of

Common Pleas of Philadelphia County, entered February 22, 2018, that

dismissed his first petition filed under the Post Conviction Relief Act ("PCRA")[1]

without a hearing. We affirm.

"This case arises from Appellant's beating of his then girlfriend, during

which Appellant, who is a bodybuilder, repeatedly punched, slapped, and

choked her[,]" resulting in a "jury conviction of aggravated assault.[2]"

***Commonwealth v. Moody***, No. 3360 EDA 2014, unpublished memorandum

at 1 (Pa. Super. filed December 18, 2015); ***see also*** Trial Court Opinion, filed

---

[1] 42 Pa.C.S. §§ 9541–9546.

[2] 18 Pa.C.S. § 2702(a)(1).

\* Retired Senior Judge assigned to the Superior Court.

April 20, 2015, at 1-7 (underlying facts and procedural history prior to direct appeal).

During Appellant's jury trial, a forensic nurse, who examined the victim shortly after the incident, testified that the victim's injuries were consistent with being hit and strangled. Trial Court Opinion, filed April 20, 2015, at 11 (citing N.T., 6/5/2014, at 36-37). Photographs of the victim taken by the nurse were shown to the jury. Exs. C-9 to C-22; *see also* Trial Court Opinion, filed April 20, 2015, at 10-11.

> Reports from an external examination of the [victim conducted by the forensic nurse] shortly after the attack evinced bruising and swelling around her left eye and check, abrasions to her nose, a tear on her lower lip, tenderness of the scalp from her hair being pulled, and abrasions and erythema on her neck. A genital examination revealed that the [victim] suffered a tear at the bottom of the entrance to her vagina.

Trial Court Opinion, filed April 20, 2015, at 10-11; *see also id.* at 5 (citing N.T., 6/5/2014, at 30-34, 42, 46, 52). A qualified forensic scientist testified that Appellant was identified as the source of the DNA from sperm recovered from samples collected by the forensic nurse during his examinations of the victim. *Id.* (citing N.T., 6/5/2014, at 53, 85-86, 88-90).

Appellant testified in his own defense. Throughout his testimony Appellant repeatedly referred to an alleged witness to the incident, hereinafter

referred to as "Ms. Saunders."[3]  ***See, e.g.***, N.T., 6/5/2014, at 115-16, 119-20, 123.  When asked why Ms. Saunders was not present to testify, Appellant admitted that she was "not here because she said she had a bench warrant on her."  ***Id.*** at 127.  Appellant further testified that:

> he has been bodybuilding since the age of thirteen, that he was significantly stronger and larger than the [victim], that he had large hands, . . . that he could have caused the bruising, swelling, and cuts to the [victim]'s throat[, and] "that he applied slight pressure each time he grabbed the [victim] by her neck.

Trial Court Opinion, filed April 20, 2015, at 10-11 (citing N.T., 6/5/2014, at 129-37).

Immediately prior to closing arguments, the trial court instructed the jury that that the arguments of counsel were not evidence.  N.T., 6/5/2014, at 140.  During closing argument, Appellant's trial counsel referred to the victim's testimony as "absolutely crap" and repeatedly stated that her

---

[3] The name of this alleged witness is spelled differently throughout the documents in this action.  In the notes of testimony, her name is spelled "Marcie Saunders."  N.T., 6/5/2014, at 115-16, 119-20, 123, 127.  A memorandum of law accompanying Appellant's PCRA petition spells her name as "Marcinel Sanders" or "Sander."  Suppl. Mem. of Law in Supp. of Pet'r's Mot. for Post Conviction Collateral Relief, 9/12/2016, at 5.  Second PCRA counsel's "no-merit" letter spells her name "Marcianeil Saunders," nicknamed "Marcie."  No-merit Letter, 9/5/2017, at 7, 13.  Appellant's Response to Rule 907 Notice spells her name "Marcinel Saunders."  Response to Rule 907 Notice, 2/14/2018, at 5.  Appellant's Brief alternatively spells her name as "Marcinel Saunders" or "Sauners."  Appellant's Brief at 15-16.  The Commonwealth's Brief spells her name "Marice Saunders."  Commonwealth's Brief at 6, 13.  For the convenience of the reader, we have elected to refer to this alleged witness herein as "Ms. Saunders."

testimony "makes no sense[,]" "doesn't make a whole lot of sense[,]" or variations thereof. *Id.* at 146, 149-50; *see also id.* at 152, 154. During closing, the prosecutor stated that the victim was "honest to a fault." *Id.* at 166.[4] Appellant's trial counsel then motioned for mistrial, which the trial court denied. *Id.* at 188.

On June 6, 2014, the jury convicted Appellant of aggravated assault. On October 24, 2014, Appellant was sentenced to ten to twenty years of confinement. As Appellant had previously been convicted of robbery, Docket No. CP-51-CR-0527001-1989, which is a first-degree felony and a statutorily-defined "crime of violence," Appellant's sentence included a mandatory minimum term of incarceration pursuant to the Sentencing Code, 42 Pa.C.S. § 9714(a) ("Sentences for second and subsequent offenses"). *See id.* § 9714(g) (defining "crime of violence" to include robbery); N.T., 10/24/2014, at 3, 6.

Appellant filed a direct appeal. The concise statement of errors complained of on appeal filed by trial counsel for Appellant's direct appeal challenged the legality of Appellant's sentence and alleged that a new trial should be granted due to "grossly improper 'vouching' on the part of the [p]rosecutor[,]" amongst other claims. Statement of Matters Complained of

---

[4] For example, during her testimony, the victim had admitted that she had smoked six bags of crack cocaine prior to the assault. N.T., 6/4/2014, at 103.

Pursuant to Rule of Appellate Procedure 1925(b), 12/31/2014, at 2 ¶¶ 3-4. The trial court addressed the aforementioned challenges in its opinion dated April 20, 2015. **See** Trial Court Opinion, filed April 20, 2015, at 12-16. However, trial counsel chose not to pursue a challenge to the legality of the sentence or allegations of prosecutorial misconduct in the brief to this Court. **Moody**, No. 3360 EDA 2014, at 2 (citing Appellant's Brief, No. 3360 EDA 2014, at 3).[5]

This Court affirmed Appellant's judgment of sentence on December 18, 2015. **Id.** at 1. Appellant did not file a petition for allowance of appeal to the Supreme Court of Pennsylvania.

On September 12, 2016, Appellant filed his first, *pro se*, timely[6] PCRA petition, contending that his trial counsel was ineffective for five reasons: (1) "abandon[ing]" him during his direct appeal, including failing to "confer" with him as to whether he wanted to file a petition for allowance of appeal to the Supreme Court of Pennsylvania; (2) failing to challenge the trial court "erroneously imposing a mandatory sentence"; (3) failing to pursue a claim that the prosecutor improperly "vouch[ed]" for the victim's truthfulness;

---

[5] Herein, all references to either party's brief on direct appeal will include that appeal's docket number, "No. 3360 EDA 2014" – *e.g.*, Appellant's Brief, No. 3360 EDA 2014, at 1. All citations to either party's brief filed pursuant to the current collateral appeal will not include a docket number – *e.g.*, Appellant's Brief at 1.

[6] Appellant's PCRA petition was filed within one year of the date that his judgment became final. **See** 42 Pa.C.S. § 9545(b)(1).

(4) "refusing to raise the Claim of 'prompt complaint'"; and (5) "fail[ing] to call a known witness that would have help[ed] the defense." PCRA Pet., 9/12/2016, at 3-4.

According to the docket, on February 13, 2017, the PCRA court appointed counsel to represent Appellant. However, no order appointing counsel appears in the certified record.[7] Additionally, without this order, we cannot determine whether the PCRA court ordered PCRA counsel to file an amended petition or the length of time given to PCRA counsel to file any such amended petition. There also is no separate order in the record or listed on the docket ordering such an amended petition. "Omissions like these significantly impair our ability to consider an appeal." *Erie Insurance Exchange v. Moore*, 175 A.3d 999, 1006 (Pa. Super. 2017) (citing *Smith v. Township of Richmond*, 82 A.3d 407, 417 n.9 (Pa. 2013) (lamenting similar issue in case before Supreme Court)), *reargument denied* (Jan. 24, 2018), *appeal granted on other grounds*, 189 A.3d 382 (Pa. 2018).

On June 16, 2017, the PCRA court entered an order "that the Motion to Withdraw Counsel is GRANTED" and appointing new PCRA counsel. Order Withdrawing Counsel, 6/16/2017. Nevertheless, there is no motion to withdraw, no "no-merit" letter, and no prior notice to Appellant that first PCRA counsel had requested to withdraw in the certified record. *See*

---

[7] This Court's Prothonotary confirmed with the Philadelphia Office of Judicial Records that the appointment notice was not in the trial court's record.

*Commonwealth v. Muzzy*, 141 A.3d 509, 510–11 (Pa. Super. 2016) (enumerating procedural requirements for withdrawing as counsel). Again, "[o]missions like these significantly impair our ability to consider an appeal." *Erie Ins. Exch.*, 175 A.3d at 1006. Additionally, the order does not explicitly state that new PCRA counsel may file an amended PCRA petition, although it does grant a continuance "for defense filings." Order Withdrawing Counsel, 6/16/2017.

On September 5, 2017, second PCRA counsel filed a "no-merit" letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), stating that Appellant "is not entitled to post-conviction relief under the [PCRA], because . . . the claims raised in the petition are not meritorious under controlling authority." No-merit Letter, 9/5/2017, at 1. The next day, second PCRA counsel filed a petition to withdraw, stating that he had sent Appellant copies of the no-merit letter and the petition to withdraw, along with "a letter which advises [Appellant] that he has the right to proceed *pro se* or with privately retained counsel if th[e trial c]ourt grants leave to withdraw as counsel[,]" but the letter is not attached to the motion and does not otherwise

appear in the certified record. Mot. of Counsel for Leave to Withdraw, 9/5/2017, at ¶ 3.[8] *See Erie Ins. Exch.*, 175 A.3d at 1006.

On November 13, 2017, the PCRA court entered a notice of intent to dismiss all claims without a hearing pursuant to Pa.R.Crim.P. 907 ("Rule 907 Notice"), stating that any response thereto was due within twenty days. Appellant requested an extension of time to file a response, which the PCRA court granted on November 28, 2017, extending the due date for Appellant's response until February 1, 2018.

Although he was not granted any further extensions, Appellant did not file his response ("Response to Rule 907 Notice") until February 14, 2018.[9] The Response to Rule 907 Notice pleaded ineffective assistance of second PCRA counsel for failing to file an amended petition raising claims that trial counsel was ineffective for failing to pursue a claim on direct appeal that the prosecutor "improperly vouch[ed] for the credibility of the [victim]" and for "failure to call a witness." Response to Rule 907 Notice, 2/14/2018, at 3, 5.

_____

[8] This Court's Prothonotary confirmed with the Philadelphia Office of Judicial Records that there were no exhibits attached to the petition to withdraw and that no letter from second PCRA counsel to Appellant was separately docketed.

[9] The proof of service accompanying the Response to Rule 907 Notice was dated February 14, 2018. A postmark attached thereto is illegible in the certified record. The Response to Rule 907 Notice is date-stamped and entered on the docket on February 16, 2018. Whichever date is used, the Response to Rule 907 Notice was still late, as even the February 14th date is thirteen days after the due date allowed by the order of November 28, 2018, granting Appellant's request for an extension.

On February 22, 2018, the PCRA court dismissed Appellant's PCRA petition and granted second PCRA counsel's motion to withdraw. On March 14, 2018, Appellant filed this timely appeal.

On March 29, 2018, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and, on June 29, 2018, Appellant filed the following concise statement of errors ("Statement"):

> [Appellant, *p*]ro [*s*]e, and in response to th[e trial c]ourt's ORDER to provide Statement of Matters Complained Of, pursuant to Rule of Appellate Procedure 1925(b), indicates that the following will be raised on direct appeal to the Superior Court of Pennsylvania:
>
> 1. [Appellant] respectfully request[s] arrest of judgement of Aggravated Assault, because Plaintiff Ms. Ransom had never received any substantial medical treatment, and or seen a Doctor, and or went to a hospital. In FACT SHE DECLINED MEDICAL TREATMENT. However, on 5/24/2012 PRELIMINARY HEARING NOTES Pg. 7, She testified to defendant only hitting her with an OPEN HAND, (SLAPPING HER) when questioned by the same D.A., Ms. Kemp. Then on 6/4/14 she testifies that [Appellant] at trial SLAPPED, PUNCHED, & CHOKED her, IN TRIAL NOTES Pg. 94-95. When in fact defendant never did such. There were two different stories told. Also TWO OFFICERS testified she declined to go to the hospital, or SEE A DOCTOR.
>
> EXHIBITS OF ALL ENCLOSED.
>
> 2. Ineffective Assistance of [trial] Counsel, because Attorney Mr. Mandell failed to Cross-Examine Plaintiff Ms. Ransom on why she never mentioned to Assisting Officers of [Appellant] punching her or at Preliminary Hearing when questioned by D.A. Ms. Kemp specifically asked her was it a CLOSED FIST or OPEN HAND. Had, Attorney Mr. Mandell thoroughly went over Preliminary Material, he would have known of such STATEMENT MADE BY PLAINTIFF Ms. Ransom. [sic]

Statement, 6/29/2018, at 1-2 (some formatting).

On July 11, 2018, the PCRA court entered its opinion pursuant to Pa.R.A.P. 1925(a), stating that Appellant's first "claim is not cognizable under the PCRA" and that his "second claim is waived since it is being raised for the first time on appeal." PCRA Court Opinion, July 11, 2018, at 4, 6.

In his brief to this Court, Appellant now presents the following issues for our review:

> I.     Did the trial court err[] in finding that Appellant's PCRA petition lack[ed] merit thereby [ac]cepting court[-]appointed counsel's no-merit letter when PCRA counsel was ineffective and abandoned Appellant?
>
> II.     Was PCRA counsel constitutionally ineffective when failing to raise trial/appellant counsel ineffectiveness in violation of the Sixth Amendment to the United States Constitution?  [sic]

Appellant's Brief at 4.

"We review the denial of PCRA relief to decide whether the PCRA court's factual determinations are supported by the record and are free of legal error." *Commonwealth v. Brown*, 196 A.3d 130, 150 (Pa. 2018).

Both of Appellant's challenges allege that PCRA counsel was ineffective, Appellant's Brief at 4, 8, 12-15, 17, and, thus, both are waived due to Appellant's failure to include them in his Statement, which is quoted in its entirety above. *Compare* Appellant's Brief at 4 *with* Statement, 6/29/2018, at 1-2; *see* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived"); *see also Commonwealth v. Hill*, 16 A.3d 484, 491 (Pa. 2011)

("in order to preserve their claims for appellate review, Appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925"; "[a]ny issues not raised in a 1925(b) statement will be deemed waived" (citation omitted)).

Although not included in his statement of questions involved pursuant to Pa.R.A.P. 2116, Appellant's Brief at 4, in the argument section of his brief pursuant to Pa.R.A.P. 2119, Appellant admits that his Statement was "defective" but contends that this defectiveness was due to second PCRA counsel's "abandonment[.]" Appellant's Brief at 8. Appellant continues that the appropriate remedy would be for this Court to "remand[] this case back to the PCRA court pursuant to Pa.R.A.P. 1925(c)(3)" and to "allow" him "to file an [a]mended [c]oncise statement[.]." ***Id.***

Pa.R.A.P. 1925(c)(3) states:

If an appellant in a criminal case was ordered to file a Statement and failed to do so, such that the appellate court is convinced that counsel has been per se ineffective, the appellate court shall remand for the filing of a Statement nunc pro tunc and for the preparation and filing of an opinion by the judge.

In the current action, Appellant filed the Statement and hence could not have "failed to do so," as required for remand according to Pa.R.A.P. 1925(c)(3). Furthermore, both first and second PCRA counsel had been granted leave to withdraw by the PCRA court by the time the court ordered Appellant to file a concise statement of errors, and therefore "counsel" could not have been "per se ineffective" for failing to file a concise statement, which is also necessary

for remand under Pa.R.A.P. 1925(c)(3). Finally, the PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(a) based upon Appellant's Statement, and, thus, there would be no benefit to "remand[ing] . . . for the preparation and filing of an opinion by the judge." Pa.R.A.P. 1925(c)(3). For all these reasons, Pa.R.A.P. 1925(c)(3) is inapplicable to the current appeal.

Assuming we were to address the specific allegations of ineffectiveness raised in Appellant's brief, we would begin by noting that "[c]ounsel will not be found ineffective for failing to raise a meritless claim." **Brown**, 196 A.3d at 151. PCRA counsel thereby cannot be considered ineffective for failing to raise the meritless claim that trial counsel was ineffective. **See Commonwealth v. Mason**, 130 A.3d 601, 618-19 (Pa. 2015) (to prevail upon a layered ineffectiveness claim, a PCRA petitioner must present argument on and prove the three prongs of the ineffective-assistance test, including that "the legal claim underlying the ineffectiveness claim has arguable merit[,]" as to each relevant layer of representation); **Commonwealth v. Elliott**, 80 A.3d 415, 427 (Pa. 2013) (to prevail on a claim of most recent counsel's ineffectiveness for failure to raise an allegation of earlier counsel's ineffectiveness, a PCRA petitioner must present a layered claim that shows ineffectiveness at each layer of allegedly ineffective representation).

In his brief to this Court, Appellant specifically contends that second PCRA counsel was ineffective for failing to raise claims that trial counsel was

ineffective for failing: (1) to assert on direct appeal that the prosecutor "improperly vouched for the credibility of the [victim,]" arguing that she "'was honest to a fault'"; (2) to call a witness "to impeach or rebut" the victim's trial testimony; and (3) to challenge the legality of Appellant's sentence pursuant to *Alleyne v. United States*, 570 U.S. 99 (2013). Appellant's Brief at 13, 15, 17.

Assuming *arguendo* that we were to consider Appellant's first claim, Appellant's Brief at 13, we would conclude that this underlying legal claim was meritless pursuant to the analysis thereof in the trial court's opinion written for the direct appeal, dated April 20, 2015:

> [Appellant] contends the trial court erred when it denied [his] [m]otion for [m]istrial based on statements made in the Commonwealth's closing argument. N.T. 6/5/14 at p. 188. No relief is due.
>
> It is well settled that statements made by the prosecutor to the jury during closing argument will not form the basis for granting a new trial "unless the unavoidable effect of such comments would be to prejudice the jury, forming in their minds fixed bias and hostility toward the defendant so they could not weigh the evidence objectively and render a true verdict." [*Commonwealth v.*] *Fletcher*, 861 A.2d [898,] 916 [(Pa. 2004)] (quoting *Com. v. Stokes*, 839 A.2d 226, 230 (Pa. 2003)). Like the defense, the prosecution is accorded reasonable latitude and may employ oratorical flair in arguing its version of the case to the jury. *Com. v. Williams*, 896 A.2d 523, 542 (Pa. 2006) (citations omitted). Prosecutorial misconduct will not be found where the comments were based on the evidence or derived from proper inferences. *Com. v. Chester*, 587 A.2d 1367, 1377 (Pa. 1991), cert. denied, 502 U.S. 959 (1991) (citations omitted). In addition, any challenged prosecutorial comment must not be viewed in isolation, but rather must be considered in the context in which it was offered. *Com. v. Hutchinson*, 25 A.3d 277, 307 (Pa. 2011).

- 13 -

[Appellant] asserts that the prosecutor impermissibly vouched for the truthfulness of Commonwealth witness' testimony . . . during closing argument. N.T. 6.5.14 at p. 188. . . . [D]efense counsel objected when the prosecutor argued:

> **MS. KEMP**:... this should not be based on prejudice or bias. This needs to be based on the facts and the facts of this case came from Miss Ransom because, as she testified, this woman was honest to a fault.

N.T. 6/5/14 at pp. 166-67.

The prosecutor's argument was a fair response to comments made by defense counsel during closing regarding the credibility of the Complainant's testimony, e.g. that her testimony did not make sense and that portions of her testimony were "absolute[] crap." *See* N.T. 6/5/14 at pp. 145-54. Therefore, this claim of prosecutorial misconduct fails. . . .

None of the comments made by the prosecutor during closing were of the type or kind to have the unavoidable effect to prejudice the jurors by forming in their minds a fixed bias and hostility in such manner as to impede their ability to weigh the evidence objectively and render a true verdict. The allegations of prosecutorial misconduct are without merit. Moreover, the jury was properly instructed that arguments of counsel were not evidence[.] . . . N.T. 6/5/14 at p. 140. The jury is presumed to have followed such instruction. [*Commonwealth v.*] *Judy*, 978 A.2d [1015,] 1028 [(Pa. Super. 2009)].

Trial Court Opinion, filed April 20, 2015, at 14-16. Since Appellant's first underlying claim was meritless, he could not have established that trial counsel was ineffective for failing to raise it. *See Brown*, 196 A.3d at 151. Second PCRA counsel thereby could not have be considered ineffective for failing to raise the meritless claim that trial counsel was ineffective for not raising this first claim. *See id.*; *see also Mason*, 130 A.3d at 618-19; *Elliott*, 80 A.3d at 427.

- 14 -

Assuming *arguendo* that we were to consider Appellant's next claim – *i.e.*, that second PCRA counsel was ineffective for failing to raise claims that trial counsel was ineffective for failing to call a witness "to impeach or rebut" the victim's trial testimony, Appellant's Brief at 15, we would note that, in order to find counsel ineffective for not calling a witness, the witness must have been "available to testify for the defense[,]" **Brown**, 196 A.3d at 167. Since Appellant admitted at trial that Ms. Saunders was "not here because she said she had a bench warrant on her[,]" N.T., 6/5/2014, at 127, he cannot establish her availability to testify and therefore trial counsel's ineffectiveness for not calling her to testify.

We would further observe that, even without the victim's trial testimony, the evidence was still sufficient to convict Appellant of aggravated assault. Appellant himself testified: "that he has been bodybuilding since the age of thirteen, that he was significantly stronger and larger than the [victim], that he had large hands, . . . that he could have caused the bruising, swelling, and cuts to the [victim]'s throat[,]" and "that he applied slight pressure each time he grabbed the [victim] by her neck." Trial Court Opinion, filed April 20, 2015, at 10-11 (citing N.T., 6/5/2014, at 129-37). "The jury, as fact-finder, viewed photographs of the [victim] taken shortly after the incident[.]" **Id.**; **see also** Exs. C-9 to C-22. A forensic nurse who examined the victim after the incident testified that the victim's injuries were consistent with being hit and strangled.

Trial Court Opinion, filed April 20, 2015, at 11 (citing N.T., 6/5/2014, at 36-37).

> Reports from an external examination of the [victim conducted by the forensic nurse] shortly after the attack evinced bruising and swelling around her left eye and check, abrasions to her nose, a tear on her lower lip, tenderness of the scalp from her hair being pulled, and abrasions and erythema on her neck. A genital examination revealed that the [victim] suffered a tear at the bottom of the entrance to her vagina.

*Id.*; *see also id.* at 5 (citing N.T., 6/5/2014, at 30-34, 42, 46, 52). A forensic scientist testified that Appellant was identified as the source of the DNA from samples collected by the forensic nurse during his examinations of the victim. *Id.* (citing N.T., 6/5/2014, at 53, 85-86, 88-90). Ergo, assuming *arguendo* that trial counsel had called Ms. Saunders and that Ms. Saunders had challenged the victim's credibility to the point where the jury disregarded her entire testimony, the combination of Appellant's own testimony, photographs of the victim, the medical and forensic testimony, and the medical reports from the external and genital examinations of the victim would still have been sufficient to convict Appellant of aggravated assault.

Hence, Appellant's second underlying legal claim lacks merit, and trial counsel cannot be found ineffective for failing to call Ms. Saunders to testify at trial. *See Brown*, 196 A.3d at 151. Second PCRA counsel likewise could not have be considered ineffective for failing to raise the meritless claim that trial counsel was ineffective for not calling Ms. Saunders to testify at trial. *See id.*; *see also Mason*, 130 A.3d at 618-19; *Elliott*, 80 A.3d at 427.

As for Appellant's final contention – *i.e.*, that second PCRA counsel was ineffective for failing to argue that trial counsel was ineffective for not challenging the legality of Appellant's sentence pursuant to *Alleyne*, 570 U.S. 99, before this Court on direct appeal, Appellant's Brief at 17, we observe that Appellant failed to preserve this claim before the PCRA court. Unlike his other two allegations of second PCRA counsel's ineffectiveness, Response to Rule 907 Notice, 2/14/2018, at 3, 5, Appellant did not include this final contention in his Response to Rule 907 Notice. *See generally id.*; *see also Commonwealth v. Rykard*, 55 A.3d 1177, 1182, 1188-89 (Pa. Super. 2012) (claim of PCRA counsel's ineffectiveness can be raised for the first time in a response to a Rule 907 notice).

Nevertheless, to the extent that this final issue is a challenge to the legality of Appellant's sentence, such a challenge "is not subject to waiver and may be raised at any time." *Commonwealth v. Sarvey*, ___ A.3d ___, 2018 PA Super 307, *12 (filed November 16, 2018).

Thus, assuming, for argument's sake, that we were to consider this sentencing question, we would note that the trial court explained that Appellant received a mandatory minimum sentence due to his prior conviction for robbery, N.T., 10/24/2014, at 3, 6; Trial Court Opinion, filed April 20, 2015, at 13 (citing 18 Pa.C.S. § 9714(a), (g); Docket No. CP-51-CR-0527001-1989), and that "[t]he Commonwealth provided reasonable notice of its intention to proceed under [18 Pa.C.S. § 9714] after conviction and before

sentencing" and "proved the requisite elements of the statute." Trial Court Opinion, filed April 20, 2015, at 13. **Alleyne** held that, **other than the fact of a prior conviction**, any fact that increases the penalty for a crime beyond the prescribed statutory minimum must be submitted to a jury and proved beyond a reasonable doubt. 570 U.S. at 126. Since Appellant's mandatory minimum was contingent upon his prior conviction, he is not eligible for relief pursuant to **Alleyne**, and this underlying issue would also be without merit. **See Commonwealth v. Watley**, 81 A.3d 108, 117 (Pa. Super. 2013) (*en banc*) (**Alleyne** "renders those Pennsylvania mandatory minimum sentencing statutes **that do not pertain to prior convictions** constitutionally infirm insofar as they permit a judge to automatically increase a defendant's sentence based on a preponderance of the evidence standard" (emphasis added) (footnote omitted)). Appellant's challenge to the legality of his sentence consequently is meritless, and, assuming that it served as the basis for Appellant's ineffectiveness claims against either trial counsel or second PCRA counsel, such ineffectiveness claims also lack merit. **See Brown**, 196 A.3d at 151; **Mason**, 130 A.3d at 618-19; **Elliott**, 80 A.3d at 427.

Accordingly, we conclude that Appellant's issues raised on appeal are waived. To the extent they are not waived, they are meritless. Having discerned no error of law, we affirm the order below. **See Brown**, 196 A.3d at 150.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/19/2019