J-S09018-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THUOL THACH | : | |
| | : | |
| Appellant | : | No. 1822 EDA 2017 |

Appeal from the PCRA Order May 5, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004526-2013

BEFORE:   SHOGAN, J., LAZARUS, J., and COLINS, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED MARCH 31, 2020**

Thuol Thach appeals from the order, entered in the Court of Common
Pleas of Philadelphia County, dismissing his petition filed pursuant to the Post
Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Counsel also
seeks to withdraw his representation pursuant to **Turner**/**Finley**.[1]  Upon
careful review, we affirm on the basis of the opinion authored by the Honorable
Daniel J. Anders and grant counsel's motion to withdraw.

On December 6, 2013, Thach entered an open guilty plea to aggravated
assault and conspiracy.  The charges stemmed from an incident in which
Thach and two co-conspirators brutally assaulted Chuong Danh during a party

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc).

at Thach's residence. On February 6, 2014, the trial court sentenced Thach to an aggregate term of 3½ to 7 years' incarceration. Thach filed neither post-sentence motions nor a direct appeal.

On July 1, 2014, Thach, acting *pro se*, filed a timely first PCRA petition. The PCRA court appointed counsel, who filed an amended petition alleging the ineffectiveness of plea counsel. On March 24, 2017, the PCRA court issued notice of its intent to dismiss Thach's petition without a hearing pursuant to Pa.R.Crim.P. 907. Having received no response from Thach, the court issued an order denying relief on May 5, 2017. This timely appeal follows, in which Thach raises the following claims for our review:

> Thach's guilty plea was not knowing, intelligent and voluntary where trial counsel failed to properly investigate the case, as well as Thach's background, and failed to subpoena a known and available witness, Sokchea Chum, to testify as an alibi witness.

*See* Brief of Appellant, at 5 (claims combined and reworded).

Prior to reviewing the merits of Thach's claim, we must address counsel's motion to withdraw. Where counsel seeks to withdraw from PCRA representation, our Supreme Court has stated that independent review of the record by competent counsel is required before withdrawal is permitted. Such independent review requires proof of: (1) a "no-merit" letter by PCRA counsel detailing the nature and extent of his review; (2) a "no-merit" letter by PCRA counsel listing each issue the petitioner wished to have reviewed; (3) PCRA counsel's explanation, in the "no-merit" letter, as to why the petitioner's issues are meritless; (4) independent review of the record by the PCRA or appellate

court; and (5) agreement by the PCRA or appellate court that the petition was meritless. **Commonwealth v. Pitts**, 981 A.2d 875, 876 n.1 (Pa. 2009); **Commonwealth v. Rykard**, 55 A.3d 1177, 1184 (Pa. Super. 2012).

Where counsel petitions to withdraw as appellate counsel in this Court, counsel must contemporaneously forward to the petitioner a copy of the application to withdraw, which must include (i) a copy of both the "no-merit" letter, and (ii) a statement advising the PCRA petitioner that, upon the filing of counsel's petition to withdraw, the petitioner-appellant has the immediate right to proceed in the appeal *pro se* or through privately-retained counsel. **Commonwealth v. Muzzy**, 141 A.3d 509, 512 (Pa. Super. 2016)

Here, counsel has substantially complied with the Turner/Finley and Friend requirements. Counsel has detailed the nature and extent of his review, served a copy of his petition to withdraw and brief upon Thach and informed him of his right to proceed *pro se* or with privately retained counsel,[2] raised Thach's issue in the form of "no-merit" letter addressed to this Court, and explained why Thach's claim is meritless. Counsel having substantially satisfied the procedural requirements for withdrawal, we now turn to an independent review of the record to determine whether his claim merits relief.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported

---

[2] Thach has not raised any additional issues, either *pro se* or through private counsel.

by evidence of record and is free of legal error. ***Commonwealth v. Burkett***, 5 A.3d 1260, 1267 (Pa. Super. 2010) (citations omitted). In evaluating a PCRA court's decision, our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. ***Id.*** The PCRA court's credibility determinations are binding on this Court where the record supports those determinations. ***Commonwealth v. Widgins***, 29 A.3d 816, 820 (Pa. Super. 2011).

In his PCRA petition and on appeal, Thach asserts that his plea was involuntary, as he felt "compelled" to enter a plea after counsel failed to properly investigate his case or subpoena an alibi witness.

Thach's claim asserts the ineffectiveness of plea counsel. "It is well-established that counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." ***Commonwealth v. Koehler***, 36 A.3d 121, 132 (Pa. 2012), citing ***Strickland v. Washington***, 466 U.S. 668, 687–91 (1984). To prove that counsel was ineffective, a petitioner must demonstrate that: (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) he was prejudiced by counsel's act or omission. ***Koehler***, 36 A.3d at 132. Failure to prove any prong of this test will defeat an ineffectiveness claim. ***Commonwealth v. Fears***, 86 A.3d 795, 804 (Pa. 2014). In order to invalidate a plea on the basis of ineffectiveness of counsel, a petitioner must

- 4 -

plead and prove that the ineffectiveness caused an involuntary or unknowing plea. ***Commonwealth v. D'Collanfield***, 805 A.2d 1244, 1246 (Pa. Super. 2002).

Moreover, to establish ineffectiveness of counsel based on failure to call a witness, a petitioner must show that: (1) the witness existed; (2) the witness was available to testify for the defense at trial; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the witness' testimony was so prejudicial as to have denied the petitioner a fair trial. ***Commonwealth v. Puksar***, 951 A.2d 267, 277 (Pa. 2008).

We have reviewed the record, transcripts, briefs and applicable case law and conclude that the opinion authored by Judge Anders correctly and thoroughly disposes of Thach's claim. Specifically, Judge Anders properly found that: (1) Thach's statements made in his written and oral plea colloquies demonstrate that he understood the nature and consequences of his plea and that he was not induced or pressured to plead guilty, ***see*** PCRA Court Opinion, 9/13/17, at 6-7; (2) Thach failed to develop his claim, beyond boilerplate assertions, that trial counsel was ineffective for failing to investigate or "work-up" his case, ***see id.*** at 7-8; and (3) Thach failed to offer any evidence to establish that his alibi witness was available and willing to testify at trial, or demonstrate that she would testify contrary to the statement she made to police that she was sleeping during the time period the assault took place. ***See id.*** at 8-9. Accordingly, we affirm on the basis of Judge

Anders' opinion and direct the parties to attach a copy of that document in the event of further proceedings.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/31/2020