J-A24026-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF:  B.C. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: J.C., NATURAL FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 526 WDA 2020 |

Appeal from the Order Entered March 27, 2020
In the Court of Common Pleas of Indiana County Orphans' Court at
No(s):  32-19-0473

BEFORE:  BENDER, P.J.E., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY McLAUGHLIN, J.:             **FILED DECEMBER 23, 2020**

J.C. ("Father") appeals from the order terminating his parental rights to his minor child ("Child"), born 2012. Father's counsel has filed an **_Anders_**[1] brief and a motion to withdraw as counsel. We find counsel's withdrawal motion to be deficient, and deny it.

Father is Child's presumptive father. Indiana County Children and Youth Services ("CYS") initiated the Child's dependency case in 2015, prior to Child's third birthday. Most recently, CYS removed Child from Father's home in January 2019, after Father was arrested and incarcerated for operating a methamphetamine laboratory in his home and car. In October 2019, CYS filed a petition for involuntary termination of Father's parental rights, and the court

---

[1] **_Anders v. California_**, 386 U.S. 738 (1967); **_see also In re V.E._**, 611 A.2d 1267, 1275 (Pa.Super. 1992) (holding **_Anders_** protections apply to appeals of involuntary termination of parental rights).

held a hearing in March 2020. The court heard the expert testimony of a clinical psychologist and the testimony of Father and the CYS caseworker. Following the hearing, the court entered a decree involuntarily terminating Father's parental rights to Child.

As noted above, Father's counsel has filed an **Anders** brief and motion to withdraw, to which Father has not responded. We may not address any appellate issues without first reviewing the request to withdraw. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa.Super. 2007) (*en banc*). Counsel seeking to withdraw pursuant to **Anders** must file a brief in which counsel (1) summarizes the procedural history and facts of the case, with citations to the record; (2) refers to anything in the record that arguably supports the appeal; (3) sets forth counsel's conclusion that the appeal is frivolous; and (4) sets forth counsel's reasons for so concluding. **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009). Counsel's withdrawal request must also state that counsel has examined the record and determined the appeal is frivolous. **Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa.Super. 2013) (*en banc*).

Counsel must furnish a copy of the **Anders** brief to the appellant, and advise the appellant that he or she has the immediate right to retain other counsel or proceed *pro se*. **Id.** If counsel erroneously advises the appellant that the appellant may only proceed *pro se* or with counsel after this Court

grants counsel's request to withdraw, the request to withdraw is defective. ***Commonwealth v. Muzzy***, 141 A.3d 509, 511-12 (Pa.Super. 2016).[2]

Counsel's ***Anders*** brief satisfies the above requirements. Counsel has also provided a copy of the ***Anders*** brief and withdrawal motion to Father. However, counsel's letter to Father stated, "If [the Superior Court] allow[s] me to withdrawal as counsel, you do have the right to either proceed with the appeal on your own, or to hire a private attorney." Letter, 3/27/20, at 1. This is incorrect, as Father had the immediate right to proceed in this Court with new counsel or *pro se* upon the filing of counsel's application to withdraw. ***Muzzy***, 141 A.3d at 511-12. Were Father to follow this erroneous advice, Father would "lose the very right that counsel is obligated to inform her client that he retains." ***Id.*** at 512. Indeed, Father has not filed a response to counsel's withdrawal motion or ***Anders*** brief.

Given the foregoing, we find counsel's motion to withdraw to be deficient. Counsel shall file either an advocate's brief or refile an ***Anders*** brief and a withdrawal motion that satisfies the aforementioned requirements within 30 days of this Memorandum.

Motion to withdraw denied. Panel jurisdiction retained.

_____

[2] ***Accord In re Adoption of L.B.***, 237 A.3d 427 (Pa.Super. 2020) (unpublished memorandum at *3) (applying ***Muzzy*** to appeal from termination of parental rights).