J-S17028-16

2016 PA Super 77

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DANIEL SCOTT MUZZY, | |
| Appellant | No. 1215 WDA 2015 |

Appeal from the PCRA Order July 21, 2015
In the Court of Common Pleas of Warren County
Criminal Division at No(s): CP-62-CR-0000043-2013

BEFORE:  GANTMAN, P.J., SHOGAN, and FITZGERALD,[*] JJ.

OPINION BY SHOGAN, J.:                    **FILED MARCH 31, 2016**

Appellant, Daniel Scott Muzzy, appeals from the order denying his first petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  In addition, counsel has filed a petition seeking to withdraw.  As we find that counsel has not fully and accurately complied with the requirements of **Turner**/**Finley**,[1] we deny appellate counsel's request to withdraw at this time.

Appellant was charged with rape of a child, statutory sexual assault, involuntary deviate sexual intercourse with a child ("IDSI"), aggravated

---

[*]  Former Justice specially assigned to the Superior Court.

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

indecent assault, indecent assault, and corruption of a minor by information filed February 13, 2013. The affidavit of probable cause, filed by Warren County Police Officer Jeffrey P. Osborne, indicates that the nine-year-old female victim's father contacted police on December 3, 2012, and reported that his daughter revealed that Appellant had sexually assaulted her. The affidavit states that Appellant

> had gone into her room[2] on 4–5 occasions during the late night hours. [Appellant] during the last time he came into her room had pulled her panties and pajamas down, taking them both down by pulling one of the legs of her pajamas off. [Appellant] was licking and kissing her "down there" and that [Appellant] had hurt her vaginal area buy [sic] penetrating her when he was down there.

Affidavit of Probable Cause, 1/31/13, at 1.

On April 12, 2013, Appellant pled guilty pursuant to a negotiated plea to IDSI at count three "with the Commonwealth agreeing not to seek the mandatory minimum sentence of ten years; and further, that the Commonwealth will stand mute at the time of sentencing." N.T. (Guilty Plea), 4/12/13, at 3. In addition, the Commonwealth sought *nolle prosequi*, which the trial court entered, of all remaining charges. The Sexual Offenders Assessment Board ("SOAB") determined on July 30, 2013, that Appellant met the criteria to be designated a Sexually Violent Predator ("SVP"). Following an SVP hearing, the trial court designated Appellant an

_____

2 The record does not reveal Appellant's relationship to the victim's family.

- 2 -

SVP on October 8, 2013. Also on that date, the trial court sentenced Appellant to a term of incarceration of ten to twenty years for IDSI, to run consecutively to the unrelated sentence Appellant was currently serving at that time. On October 17, 2013, Appellant filed a motion to reconsider his sentence, which the trial court denied on November 19, 2013. Appellant did not file an appeal.

On November 12, 2014, Appellant filed a timely *pro se* PCRA petition. The PCRA court appointed counsel, who filed an amended petition on April 29, 2015. The PCRA court conducted an evidentiary hearing on July 16, 2015, and thereafter denied Appellant's PCRA petition on July 21, 2015. Appellant filed a timely notice of appeal. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

As noted, Appellant's counsel filed an application to withdraw as counsel and thereafter filed a document purporting to be a **Turner**/**Finley** "no merit letter."[3] Prior to addressing the merits of the appeal, we must review counsel's compliance with the procedural requirements for withdrawing as counsel. **Commonwealth v. Daniels**, 947 A.2d 795, 798 (Pa. Super. 2008). We have explained:

---

[3] While the **Turner**/**Finley** filing is more akin to a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), because an **Anders** brief provides greater protection to a defendant, we may accept it in lieu of a **Turner**/**Finley** "no-merit" letter. **Commonwealth v. Reed**, 107 A.3d 137, 139 n.5 (Pa. Super. 2014). Based upon our disposition in this case, we admonish counsel to utilize the proper procedural construct in the future.

> Counsel petitioning to withdraw from PCRA representation must proceed . . . under [**Commonwealth v.**] **Turner**, [544 A.2d 927 (1988)], and [**Commonwealth v.**] **Finley**, [550 A.2d 213 (1988)] and . . . must review the case zealously. **Turner**/**Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> * * *
>
> Where counsel submits a petition and no-merit letter that . . . satisfy the technical demands of **Turner**/**Finley**, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Commonwealth v. Doty**, 48 A.3d 451, 454 (Pa. Super. 2012) (internal citations omitted) (quoting **Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa. Super. 2007)).

Here, counsel described the extent of her review, evaluated the issues, and concluded that the appeal is frivolous. In addition, counsel has included a copy of a letter sent to Appellant, a copy of her petition to withdraw, and a copy of the "no-merit" **Turner**/**Finley** brief. However, counsel's letter to Appellant contains an inartfully worded proviso concerning his rights in lieu of representation, which has resulted in the provision of inaccurate information to Appellant.

- 4 -

Appellate counsel's letter to Appellant states, "**Should the Superior Court of Pennsylvania grant my request to withdraw as counsel, you have the right to proceed with your appeal with other new counsel or pro se (which means on your own without counsel**)." Application to Withdraw as Counsel, 11/23/15, Exhibit A (emphasis in original). This statement improperly conveys to Appellant the conclusion that he cannot proceed *pro se* or by privately retained counsel unless, and until, this Court rules on counsel's withdrawal request. That is incorrect.

> *Daniels* clarified that
>
> PCRA counsel must contemporaneously forward to the petitioner a copy of the application to withdraw, which must include (i) a copy of both the "no-merit" letter, and (ii) a statement advising the PCRA petitioner that, in the event **the trial court** grants the application of counsel to withdraw, the petitioner has the right to proceed *pro se*, or with the assistance of privately retained counsel.

*Daniels*, 947 A.2d at 798 (emphasis added) (quoting *Commonwealth v. Friend*, 896 A.2d 607 (Pa. Super. 2006) (abrogated in part by *Commonwealth v. Pitts*, 981 A.2d 875 (Pa. 2009)).[4]

---

[4] *Friend* imposed counsel's additional notice requirements to his client similar to the procedure required to withdraw on direct appeal. While former Chief Justice Castille noted in *Pitts* that this Court is not authorized to craft procedural rules, the *Pitts* Court did not overturn that aspect of *Friend*. *Pitts*, 981 A.2d at 881 (Castile, C.J., concurring). This Court thereafter clarified that *Friend's* additional procedural notice requirements remained applicable during collateral review. *Commonwealth v. Widgins*, 29 A.3d 816 (Pa. Super. 2011); *see also Commonwealth v. Freeland*, 106 A.3d 768, 774–775 (Pa. Super. 2014) (procedural requirements of *Friend* remain
*(Footnote Continued Next Page)*

In the case *sub judice*, counsel utilized language that is peculiar to the procedure at the common pleas court level when counsel seeks to withdraw, without adjusting it to the posture of the case at the appellate level. By advising Appellant that he may proceed either *pro se* or with private counsel only if, and after, we grant counsel's petition to withdraw, Appellant will lose the very right that counsel is obligated to inform her client that he retains.

Thus, we clarify, in an appeal from the denial of a PCRA petition, if counsel files a petition to withdraw as appellate counsel in this Court, the letter to the client, *inter alia*, shall inform the PCRA petitioner that **upon the filing of counsel's petition to withdraw**, the petitioner-appellant has the immediate right to proceed in the appeal *pro se* or through privately-retained counsel. This is not a new requirement; it is simply clarification of long-standing procedure.

Counsel's letter to Appellant renders her attempt to withdraw as counsel defective under relevant case law prescribing the proper procedure for withdrawal in a collateral appeal. As a result of counsel's misstatement, we conclude that the petition to withdraw is deficient, and we deny it at this time.

_(Footnote Continued)_ _____

applicable during collateral review); **Commonwealth v. Rykard**, 55 A.3d 1177 (Pa. Super. 2012) (same).

Counsel is hereby instructed either to file an advocate's brief or to refile her "no-merit" letter under ***Turner***/***Finley***. If she chooses the latter, her letter to Appellant shall provide, *inter alia*, accurate notice of Appellant's immediate right to proceed *pro se* or with private counsel. Counsel's advocate brief or revised petition to withdraw shall be filed within thirty days of the date of this decision. If counsel files a revised petition to withdraw and ***Turner***/***Finley*** brief, Appellant shall have thirty days from receipt of the revised petition to file a *pro se* brief or a brief by newly retained private counsel, if he so chooses. The Commonwealth will then have thirty days to file a responsive brief.

Petition to withdraw as counsel denied. Panel Jurisdiction retained.