J-S55012-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIEL A. BURRUS | : | |
| | : | |
| Appellant | : | No. 1429 EDA 2017 |

Appeal from the PCRA Order March 24, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0008742-2009

BEFORE:  OLSON, J., STABILE, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY OLSON, J.:                **FILED OCTOBER 02, 2018**

Appellant, Daniel Burrus, appeals *pro se* from the March 24, 2017 order dismissing his first petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We vacate and remand for further proceedings.

As our resolution of this case is based on its procedural posture, we decline to set forth the factual background.  On January 23, 2013, the trial court sentenced Appellant to an aggregate term of 20 to 40 years' imprisonment after he was convicted of five offenses related to an attempted murder.  This Court affirmed the judgment of sentence.  ***Commonwealth v. Burrus***, 116 A.3d 684, 2014 WL 10753816 (Pa. Super. 2014) (unpublished memorandum).

On December 8, 2015, Appellant filed a timely *pro se* PCRA petition. Counsel was appointed and filed a petition to withdraw as counsel and a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Appellant filed a *pro se* response to the **Turner/Finley** letter. On March 24, 2017, the PCRA court granted counsel's petition to withdraw and dismissed Appellant's PCRA petition without an evidentiary hearing. This timely appeal followed.[1]

Appellant presents three issues for our review:

1. [Did PCRA counsel satisfy the procedural prerequisites to withdraw under **Turner/Finley**?

2. Did PCRA counsel provide ineffective assistance?

3. Did the PCRA court err in denying Appellant's request to amend his PCRA petition?]

Appellant's Brief at 8.[2]

Appellant argues, and the trial court and Commonwealth concede, that counsel failed to satisfy the procedural prerequisites to withdraw as counsel. **See** Appellant's Brief at 35-43; Commonwealth's Brief at 6; Trial Court Opinion, 2/7/18, at 4. We agree. Counsel seeking to withdraw in PCRA proceedings

---

[1] Appellant and the PCRA court complied with Pennsylvania Rule of Appellate Procedure 1925.

[2] We have renumbered the issues for ease of disposition.

must review the case zealously. **Turner/Finley** counsel must then submit a "no-merit" letter to the PCRA court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

Where counsel submits a petition and no-merit letter that satisfy the technical demands of **Turner/Finley**, the court — PCRA court or this Court — must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Commonwealth v. Muzzy**, 141 A.3d 509, 510–511 (Pa. Super. 2016) (cleaned up).

There is no evidence that PCRA counsel sent Appellant a copy of the petition to withdraw as counsel, sent him the no-merit letter, and/or advised him of his right to proceed *pro se* or with new counsel. **See Turner/Finley** Letter and Petition to Withdraw as Counsel, 1/20/17, at 1-5. Accordingly, we vacate the PCRA court's order dismissing Appellant's petition and remand to the PCRA court. On remand, the PCRA court may appoint new counsel for Appellant or may vacate its order granting PCRA counsel's petition to withdraw and order him to either file an amended petition or to comply with the requirements to seek to withdraw as counsel under **Turner/Finley**.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/2/18