J-S18008-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RICHARD FILMORE THOMAS, III | : | |
| | : | |
| Appellant | : | No. 1831 MDA 2018 |

Appeal from the PCRA Order Entered October 10, 2018
In the Court of Common Pleas of Adams County Criminal Division at
No(s):  CP-01-CR-0001300-2016

BEFORE:   BOWES, J., NICHOLS, J., and STEVENS*, P.J.E.

MEMORANDUM BY BOWES, J.:                **FILED: JULY 25, 2019**

Richard Filmore Thomas, III appeals from the October 10, 2018 order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"). We grant the application to withdraw filed by Thomas R. Nell, Esquire, and affirm.[1]

On June 14, 2016, Pennsylvania State Police arrested Appellant in connection with the burglary of a large barn-like outbuilding on property owned by Jared Tyler Heckenluber in Adams County, Pennsylvania.  When the State Troopers apprehended Appellant inside the building, they discovered that Appellant had collected power tools, hand tools, a spool of copper wire, and a .22 caliber rifle from various areas in the building and deposited them in a central location along with a garbage bag filled with other smaller items

---

[1]  **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

---

\*   Former Justice specially assigned to the Superior Court.

that he had accumulated during the intrusion. The estimated value of the personal property that was at risk of being stolen exceed $1,000. Mr. Heckenluber identified Appellant, whom he knew from high school, as the intruder he observed in his outbuilding.

Appellant waived a formal arraignment, pled not guilty to burglary, criminal trespass, and related theft charges, and requested a jury trial. The Commonwealth initially offered Appellant a negotiated plea deal of one and one-half to three years of imprisonment, a standard range sentence, in exchange for pleading guilty to burglary. Appellant rejected the offer, but on December 15, 2016, the trial court entered an order that waived the application of Adams County Local Rule 590.2, which prevents the trial court from accepting a negotiated plea agreement beyond the designated plea day.[2]

---

[2] In pertinent part, Adams County Local Rule of Criminal Procedure 590 provides as follows:

> 1. The Court will be available for the purpose of taking guilty or nolo contendere pleas from time to time as designated by the Court Administrator on a day(s) which shall be designated as ''Plea Day'' on the Court Calendar. The day(s) selected shall be at least ten (10) days before the respective trial term.

> 2. At the conclusion of each Plea Day, all cases which have not been resolved shall be called by the Commonwealth in open court in a courtroom to be designated. **Once the list of remaining cases is called, the Court will not accept any plea for a case on that criminal list unless said plea is to all charges and without agreement as to sentencing**. **The Court may waive this prohibition against late plea agreements for good cause as the interests of justice require.** In the event the Court does find good cause and agrees to take the negotiated

- 2 -

On January 17, 2017, the day scheduled for the jury trial, Appellant entered an open guilty plea to burglary graded as a second-degree felony, and the Commonwealth withdrew the three remaining charges. Following a presentence investigation that revealed, *inter alia*, eight other convictions including two prior burglaries, the trial court imposed an aggravated range sentence of twenty-one to sixty months of imprisonment. **See** Sentencing Order, 4/17/17 ("Importantly, at the time this burglary was committed, [Appellant] was on state parole for previous burglaries. In fact[,] he has two prior burglary convictions[,] one from 2009 and one from 2011.").

In the ensuing direct appeal, Appellant asserted that the sentence was manifestly unreasonable because the trial court failed to consider several mitigating factors that would have compelled a less severe punishment. We disagreed, and affirmed the judgement of sentence on October 16, 2017. **Commonwealth v. Thomas**, 179 A.3d 566 (Pa.Super. 2017) (unpublished memorandum). Appellant did not seek allowance of appeal with our Supreme Court.

On May 14 2018, Appellant filed a timely *pro se* PCRA petition. The PCRA court appointed Thomas R. Nell, Esquire, and scheduled a prehearing conference during which counsel articulated Appellant's sole issue: Plea

_____

plea, such plea may be taken at that time or the case may be continued by the Court for the plea to be taken at another date as the Court may direct.

Adams Local Crim. Rule 590 (emphasis added).

- 3 -

counsel provided ineffective assistance in neglecting to advise him of the December 15, 2016 order that permitted him to negotiate a plea on the morning of trial. The crux of this assertion is that, had he known that he could still accept the Commonwealth's offer of one and one-half to three years of imprisonment, he would not have entered the open plea. After the conference, the PCRA court entered notice of its intention to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907, and having received no response within the allotted twenty-day period, it dismissed the petition on October 10, 2018. This counseled appeal followed.

The PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant complied, reiterating his claim that plea counsel neglected to advise him that the trial court waived Local Rule 590 and therefore he was not precluded from entering a negotiated plea on the morning of trial. **See** Rule 1925(b) Statement, 11/19/18, at 1.

On February 13, 2019, PCRA counsel filed with this Court a **Turner**/**Finley** letter and an application to withdraw as counsel. Appellant did not file a response to counsel's no-merit letter. Counsel's **Turner**/**Finley** letter directs this Court's attention to a single issue of possible merit that Appellant raised in the PCRA petition: Whether plea counsel provided ineffective assistance in neglecting to advise him of the trial court's waiver of Local Rule 590. **See Turner/Finley** Letter, 2/15/19, at 1. The

- 4 -

Commonwealth declined to file a responsive brief but noted its opposition to "any and all relief sought by Appellant." Commonwealth Letter, 3/15/19.

As a preliminary matter, we must address whether counsel has met the requirements of *Turner*/*Finley*. The *Turner*/*Finley* decisions provide the manner for post-conviction counsel to withdraw from representation. The holdings of those cases mandate an independent review of the record by competent counsel before a PCRA court or appellate court can authorize an attorney's withdrawal. Counsel must then file a "no-merit" letter detailing the nature and extent of his review and list each issue the petitioner wishes to have examined, explaining why those issues are meritless. *Commonwealth v. Freeland*, 106 A.3d 768, 774 (Pa.Super. 2014). Counsel is required to contemporaneously serve upon his client a no-merit letter and application to withdraw along with a statement that, upon the filing of the petition to withdraw, the client has an immediate right to proceed *pro se* or with a privately retained attorney. *Id*. at 774; *Commonwealth v. Muzzy*, 141 A.3d 509, 512 (Pa.Super. 2016). This Court must then conduct its own independent evaluation of the record and agree with counsel that the petition is meritless. *Freeland*, *supra*.

Here, we find that counsel has complied with the requirements of *Turner*/*Finley*. Counsel detailed his review of the record and concluded that Appellant's claim is meritless. He notified Appellant, and furnished him with

a copy of his no-merit letter, advising Appellant of his right to proceed *pro se* or to retain private counsel. Thus, we turn to the merits of the instant appeal.

We review an order denying a PCRA petition to determine whether the PCRA court's ruling is supported by the evidence of record and is free from legal error. ***Commonwealth v. Watley***, 153 A.3d 1034, 1039 (Pa.Super. 2016). We will not disturb the PCRA court's findings unless there is no support for the findings in the certified record. ***Id***. at 1039-1040.

Appellant's issue involves allegations that plea counsel, Jason Pudleiner, Esquire, rendered ineffective assistance. To establish ineffective assistance of counsel, a PCRA petitioner must show that the underlying claim has arguable merit, counsel's actions lacked any reasonable basis, and counsel's actions prejudiced the petitioner. ***Id***. at 1040. We commence our analysis under the presumption that counsel was effective. ***Id***. The failure to satisfy any prong of the test will cause the claim to fail. ***Id***.

Appellant asserts that plea counsel was ineffective for offering him flawed advice regarding the open plea agreement by failing to inform him about the order suspending application of Local Rule 950 in his case. He continues that, due to counsel's omission he entered an open guilty plea and received a much harsher punishment than the Commonwealth initially offered. Appellant insists that, had counsel informed him that he could still consider the previously negotiated plea of one and one-half to three years imprisonment, he would have accepted it. We find this issue lacks merit.

First, Appellant's argument is misplaced insofar as he received the benefit of the December 15, 2016 order waiving the application of Local Rule 590 by pleading to less than all of the charged offenses after the case was called for trial. The rule provides, in pertinent part, "Once the list of remaining cases is called, the Court will not accept any plea for a case on that criminal list unless said plea is to all charges and without agreement as to sentencing." Adams Local Crim. Rule 590. Instantly, on the day scheduled for trial, Appellant pled guilty to burglary and the Commonwealth withdrew the remaining charges. Thus, to the extent that the trial court accepted a plea to less than all of the charges, everyone involved in the plea negotiations, including Appellant, recognized Local Rule 590 had been waived. Appellant's claim to the contrary lacks arguable merit.

Moreover, the certified record belies Appellant's foundational principle that he would have accepted the Commonwealth's offer had he known that the trial court waived Local Rule 950. During the sentencing hearing, the Commonwealth advised the court of its initial offer to Appellant. **See** N.T.,4/17/17, at 8. However, rather than assent to a term identical to what he would have received under the negotiated plea, Appellant argued for a mitigated range sentence of approximately one year. **Id**. at 6. Thus, notwithstanding Appellant's instant protestations that he would have eagerly accepted the Commonwealth's offer of a negotiated plea had he known of the order suspending Local Rule 950, Appellant spurned his opportunity to

endorse the Commonwealth's recommendation of the identical term of imprisonment. Rather than accept the proposed punishment that he now assails counsel for neglecting to advise him was possible immediately prior to trial, Appellant sought the court's leniency. Accordingly, the certified record contradicts Appellant's present contention that he would have accepted the standard-range plea deal but for plea counsel's alleged ineffectiveness.

Furthermore, as the PCRA court notes in its Rule 907 notice, Appellant cannot establish prejudice in light of the dual facts that (1) the trial court was free to reject the negotiated plea deal; and (2) it ultimately imposed an aggravated range sentence despite both the Commonwealth's recommendation of standard range sentence identical to the negotiated plea offer and Appellant's request to be sentenced in the mitigated range. ***See*** PCRA Rule 907 Notice, 9/18/18, at 3 ("The fact that [Appellant] now claims that he had hoped to accept the Commonwealth's offer of [one and one-half to three] years is immaterial because there is no indication in the record that this [c]ourt was willing to entertain a guilty plea based upon an agreement for sentence of [one and one-half to three] years."). Stated another way, Appellant failed to demonstrate that the outcome would have been any different had counsel advised him of the order waiving Local Rule 950 and the parties presented the negotiated standard range plea deal for the court's consideration immediately prior to trial. No relief is due.

As our independent review of the record confirms that Appellant's averment in his PCRA petition is unavailing, we concur with counsel's assessment that there is no merit to his request for PCRA relief. Hence, we discern no error in the PCRA court's decision to deny Appellant's PCRA petition.

Petition of Thomas R. Nell, Esquire, to withdraw is granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/25/2019