J-S55019-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TEONIA TERRI KIMBRO | : | |
| | : | |
| Appellant | : | No. 295 WDA 2019 |

Appeal from the PCRA Order Entered January 25, 2019
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0002723-2015

BEFORE:   MURRAY, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:                FILED AUGUST 03, 2020

Teonia Terri Kimbro appeals from the order dismissing her petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, as meritless. Kimbro's counsel has filed a Turner/Finley[1] brief and a petition to withdraw as counsel. We conclude that counsel did not accurately inform Kimbro of her rights following the filing of a petition to withdraw and Turner/Finley brief. We therefore instruct counsel to comply with Turner/Finley.

In January 2017, Kimbro pled guilty to third-degree murder and burglary. 18 Pa.C.S.A. §§ 2502(c), 3502(a)(1). The trial court imposed a negotiated sentence of 30 to 60 years' imprisonment. On September 21, 2017,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988), and Commonwealth v. Finley, 550 A.2d 213 (Pa.Super. 1988) (en banc).

this Court affirmed. Kimbro did not file a petition for allowance of appeal with the Supreme Court of Pennsylvania.

On May 9, 2018, Kimbro filed a pro se PCRA petition, alleging trial counsel was ineffective for failing to file a post-sentence motion to modify her sentence and for failing to act on her pro se motion. The PCRA court appointed William J. Hathaway, Esquire, as counsel. Counsel filed a Turner/Finley no-merit letter and a petition to withdraw as counsel, claiming Kimbro's petition was untimely and, even if not untimely, there were no meritorious claims. The PCRA court issued notice of its intent to dismiss the petition without a hearing and, on January 25, 2019, it dismissed the petition, finding Kimbro failed to raise any meritorious issues. The court did not rule on counsel's petition to withdraw. Kimbro filed a timely notice of appeal.

Hathaway filed a Turner/Finley brief and petition to withdraw as counsel. We concluded that counsel failed to comply with the dictates of Turner/Finley, by, among other things, informing Kimbro that she could proceed pro se or with privately-retained counsel if this Court granted his application to withdraw, rather than at the time of the filing of the petition to withdraw. Further, because counsel's petition to withdraw on appeal was based solely on his mistaken conclusion that the PCRA petition was untimely, we concluded that Kimbro was effectively deprived of her right to counsel on appeal and remanded for the appointment of new counsel. On remand, the PCRA court appointed new counsel, and when the case returned to this Court,

counsel submitted a Turner/Finley brief and a petition to withdraw as counsel.

When presented with a brief pursuant to Turner/Finley, we first determine whether the brief meets the procedural requirements of Turner/Finley. See Commonwealth v. Wrecks, 931 A.2d 717, 721 (Pa.Super. 2007). A Turner/Finley brief must: (1) detail the nature and extent of counsel's review of the case; (2) list each issue the petitioner wishes to have reviewed; and (3) explain counsel's reasoning for concluding that the petitioner's issues are meritless. Commonwealth v. Pitts, 981 A.2d 875, 876 n.1 (Pa. 2009). Counsel must also send a copy of the brief to the petitioner, along with a copy of the petition to withdraw, and inform the petitioner that the petitioner may now proceed pro se or retain new counsel. Wrecks, 931 A.2d at 721. If the brief meets these requirements, we then conduct an independent review of the petitioner's issues. Commonwealth v. Muzzy, 141 A.3d 509, 511 (Pa.Super. 2016).

Here, counsel's Turner/Finley brief detailed the nature of the case, listed the issue the petitioner wished to have reviewed, and explained his reasoning for concluding the issue was meritless. Counsel, however, informed Kimbro that she could proceed pro se or with privately retained counsel "if [counsel's] application to withdraw as counsel is granted." Letter from Counsel to Kimbro, dated June 14, 2020. This is not an accurate statement of Kimbro's rights. Rather, once counsel filed an application to withdraw and Turner/Finley brief, Kimbro had a right to proceed immediately either pro

se or with privately-retained counsel. She did not have to wait for this Court to act on the application. Muzzy, 141 A.3d at 512 ("[I]f counsel files a petition to withdraw as appellate counsel in this Court, the letter to the client, inter alia, shall inform the PCRA petitioner that upon the filing of counsel's petition to withdraw, the petitioner-appellant has the immediate right to proceed in the appeal pro se or through privately-retained counsel" (emphasis omitted)).

We conclude that counsel failed to comply with the dictates of Turner/Finley. We instruct counsel to file within 30 days of the date of this order either an advocate's brief or a Turner/Finley brief. If counsel re-files the Turner/Finley brief, he shall provide accurate notice to Kimbro of her immediate right to proceed pro se or with private counsel. Counsel shall also send to Kimbro a copy of the Turner/Finley brief and petition to withdraw as counsel.

Petition to withdraw denied. Jurisdiction retained.