J-A02029-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KENNETH M. QUICK | : | |
| | : | |
| Appellant | : | No. 209 WDA 2020 |

Appeal from the PCRA Order Entered October 23, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0002811-1985

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KENNETH M. QUICK | : | |
| | : | |
| Appellant | : | No. 210 WDA 2020 |

Appeal from the PCRA Order Entered October 23, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0002815-1985

BEFORE: BOWES, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY NICHOLS, J.: **FILED: MAY 25, 2021**

Appellant Kenneth M. Quick appeals *nunc pro tunc* from the order dismissing as untimely his serial Post-Conviction Relief Act[1] (PCRA) petition challenging his sex offender registration requirements. Appellant's counsel

---

[1] 42 Pa.C.S. §§ 9541-9546.

(present counsel) has filed a petition to withdraw and a **Turner**/**Finley**[2] brief. We deny present counsel's petition, vacate the order dismissing the petition, and remand this matter for further proceedings.

The parties are familiar with the factual and procedural history of this case. On March 8, 1985, the Commonwealth charged Appellant with numerous sexual offenses that Appellant committed in 1984 and 1985. Appellant entered a negotiated guilty plea on July 3, 1985, and the trial court sentenced him to an aggregate term of twenty to forty years' imprisonment. Appellant did not take a direct appeal, and he unsuccessfully sought post-conviction relief.

According to the PCRA court, it received Appellant's *pro se* "motion to vacate an illegal sentence" in June 2018.[3] The court appointed counsel (prior counsel) to represent Appellant. Prior counsel filed an amended PCRA petition "and/or petition for writ of *habeas corpus*" challenging "the constitutionality of the registration and reporting requirements imposed by the new 'Subchapter I' of the Pennsylvania Sex Offender Registration and Notification Act [(SORNA II)[4]]." Am. Pet., 8/17/18. Therein, Appellant asserted that Subchapter I was punitive and violated the protection against *ex post facto*

---

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[3] Although docketed on June 18, 2018, Appellant's *pro se* motion giving rise to this appeal does not appear in the record.

[4] 42 Pa.C.S. §§ 9799.51-9799.75 (eff. Feb. 21, 2018).

laws and double jeopardy under the federal and Pennsylvania constitutions. Appellant also noted that his offenses and convictions occurred before Pennsylvania enacted any laws governing the registration of sex offenders.

The PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition as time-barred under the PCRA. Appellant did not respond. The PCRA court dismissed Appellant's petition by the order dated October 22, 2018, and entered on October 23, 2018.[5]

Appellant appealed, but listed two trial court docket numbers on his notice of appeal. This Court quashed the appeal pursuant to **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018). **See Commonwealth v. Quick**, 1641 WDA 2018, 2019 WL 4413311, at *2 (Pa. Super. filed Sept. 16, 2019).

Appellant, through present counsel, filed a PCRA petition seeking reinstatement of his right to appeal the October 23, 2018 order. The PCRA court reinstated Appellant's right to appeal on February 12, 2020. The court filed a Pa.R.A.P. 1925(a) opinion maintaining that the PCRA time-bar precluded consideration of the merits of Appellant's challenge to Subchapter I. **See** PCRA Ct. Op., 10/7/20, at 6.

Present counsel identifies the following issue for review in the **Turner**/**Finley** brief:

> Whether the registration and reporting requirements imposed by SORNA or SORNA II, and/or any iteration of "Megan's Law" applies to [Appellant's] convictions of involuntary deviate sexual

---

[5] We have amended the caption of this appeal to reflect the date of entry on the docket. **See** Pa.R.A.P. 108, 301(a)(1).

intercourse, incest, indecent assault, corruption of the morals of a minor and endangering the welfare of a child in 1985 given the Pennsylvania Supreme Court's decision in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017) and whether the Supreme Court's decision in **Muniz** is "retroactive" to include those charged, like [Appellant] before [**Muniz**] was published?

**Turner**/**Finley** Brief at 2 (some formatting altered).

Present counsel asserts that Appellant cannot obtain relief because Appellant was not serving sentences on most of his convictions and because of the PCRA time bar. **Turner**/**Finley** Brief at 10. Appellant has not filed a response either *pro se* or through new counsel.

Before addressing the merits of the identified claim, this Court must first consider whether present counsel met the technical requirements for withdrawing from representation. **Commonwealth v. Muzzy**, 141 A.3d 509, 510 (Pa. Super. 2016). As we have explained,

> [c]ounsel petitioning to withdraw from PCRA representation must proceed ... under [**Turner** and **Finley**] and ... must review the case zealously. Turner/Finley counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
>> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed pro se or by new counsel.
>
> * * *
>
> Where counsel submits a petition and no-merit letter that . . . satisfy the technical demands of **Turner**/**Finley**, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with

- 4 -

> counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

***Id.*** at 510-11 (citations omitted).

Here, present counsel's application to withdraw and brief with this Court detail his diligent review of the case and include the issue Appellant wishes to have reviewed. Present counsel explains the reasons the issue lacks merit and requests permission to withdraw. Present counsel has provided Appellant with a copy of the no-merit brief and application to withdraw, as well as a statement advising Appellant of his right to proceed *pro se* or with privately retained counsel. Accordingly, we will permit counsel to withdraw if, after our review, we conclude that the issues relevant to this appeal lack merit.

As noted above, present counsel and the PCRA court assert that Appellant was not entitled to consideration of his claim because his PCRA petition was untimely. However, in ***Commonwealth v. Lacombe***, 234 A.3d 602 (Pa. 2020), our Supreme Court stated:

> This Court has not yet required that sexual offender registration statutes be challenged through the PCRA or some other procedural mechanism. Indeed, we have consistently decided cases regarding sexual offender registration statutes that were challenged via different types of filings. Our approach in this regard takes into account the fact that frequent changes to sexual offender registration statutes, along with more onerous requirements and retroactive application, complicate registrants' ability to challenge new requirements imposed years after their sentences become final.
>
> This is especially so under the PCRA as many registrants . . . would be ineligible for relief on timeliness grounds. Other registrants may be ineligible because their sentence has expired while their registration requirements continue. Both situations arise from the fact that the registration period does not begin until registrants

are released from prison, which may be well after their sentence has become final or may signal the completion of their sentence. Accordingly, we decline to find the PCRA, or any other procedural mechanism, is the exclusive method for challenging sexual offender registration statutes . . . .

*Id.* at 617-18. (citations omitted).    Accordingly, the ***Lacombe*** Court concluded that petitioners may challenge the application of a sexual offender registration statute outside the framework of the PCRA.  ***Id.*** at 618.

Based on ***Lacombe***, we are constrained to disagree with present counsel's conclusion that the PCRA barred consideration of Appellant's claim. We further conclude that the PCRA court erred in dismissing Appellant's petition as an untimely PCRA petition.  ***See id.***  Accordingly, under the circumstances of this case, we deny present counsel's petition to withdraw, vacate the order dismissing Appellant's petition, and remand this matter for consideration of the merits of Appellant's claim.

Petition to withdraw denied.  Order vacated.  Case remanded for further proceedings.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/25/2021