J-S09021-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIEL BURRUS | : | |
| | : | |
| Appellant | : | No. 110 EDA 2020 |

Appeal from the PCRA Order Entered November 14, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0008742-2009

BEFORE:  OLSON, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY McCAFFERY, J.:                    **FILED:  JUNE 4, 2021**

Daniel Burrus (Appellant) appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA).[1]  This appeal returns following a remand by a prior panel based upon prior counsel's failure to properly comply with the requirements for withdrawal set forth in **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  **See Commonwealth v. Burrus**, 1429 EDA 2017 (unpub. judgment order at 3) (Pa. Super. Oct. 2, 2018).  On remand, new counsel, Michael McDermott, Esquire, was appointed, but later was granted permission to withdraw pursuant to **Turner**/**Finley**.  On appeal, Appellant argues that the PCRA court, once again, erred when it

---

[1] 42 Pa.C.S. §§ 9541-9546.

permitted Attorney McDermott to withdraw absent proper compliance with *Turner*/*Finley*. We agree, and thus, vacate the order denying PCRA relief and remand for further proceedings.

We need not set forth a detailed recitation of the facts underlying Appellant's conviction. In summary, on the evening of March 30, 2009, Appellant and a friend shot another friend, Richard Jackson, several times; Jackson survived. *See Commonwealth v. Burrus*, 631 EDA 2013 (unpub. memo. at 2-3) (Pa. Super. Dec. 11, 2014). On July 13, 2012, a jury convicted Appellant of, *inter alia*, attempted murder, criminal conspiracy, possessing an instrument of crime, aggravated assault, and possession of a firearm without a license.[2] On January 23, 2013, the trial court imposed an aggregate sentence of 20 to 40 years' imprisonment. A panel of this Court affirmed the judgment of sentence on direct appeal. *See id.* at 9.

On December 8, 2015, Appellant filed a timely, first PCRA petition, *pro se*. Counsel was appointed, but subsequently filed a petition to withdraw and *Turner*/*Finley* "no merit" letter. Following the issuance of Pa.R.Crim.P. 907 notice, the PCRA court dismissed Appellant's petition and permitted counsel to withdraw. On appeal, a panel of this Court vacated the order dismissing Appellant's petition and remanded the case to the PCRA court, concluding:

> There is no evidence that PCRA counsel sent Appellant a copy of the petition to withdraw as counsel, sent him the no-merit letter,

---

[2] 18 Pa.C.S. §§ 901(a), 903(a)(1), 907, 2702, 6106(a)(1), respectively.

and/or advised him of his right to proceed *pro se* or with new counsel.

**Burrus**, 1429 EDA 2017 (unpub. judgment order at 3). We directed that the PCRA court either appoint new counsel or vacate its order granting prior counsel's petition to withdraw, and direct counsel to file an amended PCRA petition or comply with **Turner**/**Finley**. **Id.**

Upon remand, the PCRA court appointed Attorney McDermott on March 19, 2019. Both before and after counsel's appointment, Appellant filed several *pro se* motions, seeking permission to amend his PCRA petition.[3] On September 26, 2019, Attorney McDermott filed a **Turner**/**Finley** "no merit" letter. Neither a petition to withdraw, nor a letter informing Appellant of his rights, was attached to the "no merit" letter.[4] The only issue addressed in the "no merit" letter is the issue Appellant raised in his original December 2015 petition — that direct appeal counsel was ineffective for failing to challenge the trial court's ruling permitting the victim's preliminary hearing testimony to be read at trial. **See** "No Merit" Letter at 2.

On October 24, 2019, the PCRA court again issued Rule 907 notice of its intent of dismiss Appellant's petition. Appellant filed a *pro se* response on November 4th, noting he was not served with counsel's petition to withdraw,

---

[3] Appellant requested to amend his original PCRA petition in January 2017, February 2019, August 2019, September 2019, and October 2019.

[4] We note that Attorney McDermott averred in the "no merit" letter that he sent the letter to Appellant, "along with a separate letter informing [Appellant] of his rights." Attorney McDermott's "No Merit" Letter, 9/25/19, at 4 (unpaginated). No such documents appear in the certified record.

or a statement of his rights, and the PCRA court "ignore[ed]" his *pro se* motions seeking to amend his "defective" petition. **See** Appellant's Objection to Dismiss Notice, 11/4/19, at 1-3. Nevertheless, on November 14, 2019, the PCRA court entered an order dismissing Appellant's petition pursuant to counsel's "no merit" letter, and granting counsel's petition to withdraw, which was filed in the PCRA court that same day. Order, 11/14/19; Attorney McDermott's Petition for Leave to Withdraw as Counsel, 11/14/19. This timely *pro se* appeal follows.[5]

Appellant sets forth the following claims in his brief:

1. [PCRA] Court and its appointed members have failed in distributing meaningful participation unto [Appellant] for the second time.

2. [PCRA] Court erred in denying *pro se* [Appellant's] filings, seeking to amend his initially filed PCRA, which in the first instance was deemed meritless.

3. PCRA court misrepresented filings by *pro se* [Appellant], due to nominal (record-only) counsel.

4. PCRA court failed to properly notify [Appellant] of court appointed counsel, to wit, constructive denial of PCRA assistance.

5. Denial of Pa.R.Cr.P. 905, right to achieve substantial justice via application to amend "defective" PCRA petition.

6. Ineffective Assistance of Counsel Failure to initially notify [Appellant] in violation of Pa.R.Cr.P. 122/Pa.R.Cr.P. 904 of his appointment/representation, failure to notify [Appellant]/serve [Appellant] with any service/contemporaneous service informing [Appellant] of his right to counsel, etc.

_____

[5] Appellant complied with the PCRA court's directive to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant's Brief at 13.

Our review of an order denying PCRA relief is well-established: "[W]e must determine whether the PCRA court's order 'is supported by the record and free of legal error.'" **Commonwealth v. Johnson**, 139 A.3d 1257, 1272 (Pa. 2016) (citations omitted).

The claims Appellant raises on appeal concern Attorney McDermott's representation, or lack thereof, the PCRA court's decision allowing Attorney McDermott to withdraw from representation, and the court's failure to address Appellant's *pro se* motions seeking to amend his original petition. An indigent PCRA petitioner has a "rule-based right" to the assistance of counsel to litigate their first PCRA petition. Pa.R.Crim.P. 904(C) ("[W]hen an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief."); **Commonwealth v. Holmes**, 79 A.3d 562, 632 (Pa. 2013). Furthermore, the appointment is "effective throughout the post-conviction collateral proceedings, including any appeal from disposition of the petition for post-conviction collateral relief." Pa.R.Crim.P. 904(F)(2).

The Pennsylvania Supreme Court has recognized that Rule 904's right to counsel includes "'an enforceable right' to the **effective** assistance of counsel[.]" **Holmes**, 79 A.3d at 632 (emphasis added). Indeed, a petitioner may assert the ineffective assistance of PCRA counsel on appeal, so long as they preserved the claim in the PCRA court in response to the court's Rule 907

notice, and **before** the entry of a final PCRA order. **See Commonwealth v. Betts**, 240 A.3d 616, 622 (Pa. Super. 2020).

In the present case, Appellant filed a timely response to the PCRA court's Rule 907 notice in which he challenged Attorney McDermott's **Turner**/**Finley** "no merit" letter, as well as the PCRA court's failure to address his *pro se* motions to amend the petition. **See** Appellant's Objection to Dismiss Notice at 2-3. Thus, we conclude he has preserved these claims on appeal.

Here, Appellant asserts Attorney McDermott was ineffective for, *inter alia*, failing to notify Appellant of his representation, failing to provide Appellant "with a meaningful opportunity to obtain review[,]" and failing to inform Appellant "pertaining to his right to move forward with private counsel or on his own." Appellant's Brief at 38. Moreover, Appellant claims he has requested to amend his original petition since January of 2017, but the PCRA court has refused to grant him permission to do so. **See id.** at 32.

In **Commonwealth v. Muzzy**, 141 A.3d 509 (Pa. Super. 2016), this Court explained:

> [W]hen PCRA counsel seeks to withdraw from representation, they must proceed . . . under [**Turner**/**Finley**] and . . . must review the case zealously. **Turner**/**Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, **listing the issues which petitioner wants to have reviewed,** explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) **a statement advising petitioner of the right to proceed *pro se* or by new counsel.**

- 6 -

*Id.* at 510–11 (citations omitted and emphases added).

In its opinion, the PCRA court acknowledges that Attorney McDermott "did **not** inform [Appellant] of his right to proceed *pro se* or retain new counsel." PCRA Ct. Op., 7/8/20, at 12 (emphasis added). However, the court observed: "[I]t is abundantly clear that [Appellant] was intimately familiar with his right to proceed *pro se* or retain new counsel, as he has consistently complained that neither [present nor former] counsel had advised him of this right." *Id.* Indeed, the PCRA court opined: "Although the procedural posture of this matter is less than ideal, having already requested that this matter be remanded once before, the Court is reluctant to do so again [and] finds that [Appellant] was well aware [of] his rights to proceed *pro se* or hire counsel."[6] *Id.* at 13.

While the PCRA court's position has a logical appeal, we conclude that counsel's compliance with the requirements of **Turner**/**Finley** does not depend on whether a petitioner is aware of their rights. Furthermore, where, as here, a panel of this Court has already remanded the matter once based on prior counsel's failure to comply with **Turner**/**Finley**, we decline to afford newly appointed counsel a pass merely because, as the PCRA court found, Appellant was aware of his rights. As noted **supra**, Appellant's rule-based right to counsel for his first PCRA petition includes "'an enforceable right' to

_____

[6] We note that both the PCRA court and the Commonwealth conceded Appellant was entitled to relief in his last appeal. **See Burrus**, 1429 EDA 2017 (unpub. memo. at 2).

the **effective** assistance of counsel[.]" ***Holmes***, 79 A.3d at 632. Thus, we agree with Appellant that Attorney McDermott failed to comply with the requirements of ***Turner***/***Finley***, and as such, Appellant is entitled to relief.

With regard to Appellant's *pro se* requests to amend his petition, the PCRA court stated that because Appellant was represented by counsel, his *pro se* filings were "a nullity." PCRA Ct. Op. at 9 (citation omitted). Moreover, the court noted that "nowhere in [Appellant's] filings does he suggest the existence of any alternative theories in support of his claim of ineffective assistance of counsel." ***Id.*** Rather, the court characterized Appellant's filings as "merely [seeking] an extension of time within which to discover additional issues." ***Id.*** at 8. The PCRA court also observed that, in his "no merit" letter, Attorney McDermott stated he "thoroughly reviewed all of the claims of [Appellant], as well as reviewed the case in its entirety[.]" ***Id.*** at 8.

We conclude the PCRA court's analysis misses the mark. While Appellant could have articulated the additional issues he wanted to raise in his *pro se* filings, he was following the letter of Rule 905, which permits an amended filing **only** upon court approval. ***See Commonwealth v. Baumhammers***, 92 A.3d 708, 730 (Pa. 2014) ("[A] petitioner may not 'simply amend' a pending petition with a supplemental pleading[; r]ather, Rule 905 'explicitly states that amendment is permitted only by direction or leave of the PCRA Court.'") (citations omitted). The fact that he sought court approval **before** providing additional claims for relief is not a reason to deny relief. In any event, the PCRA court also found Appellant's *pro se* filings were

"a nullity" because he was represented by counsel at the time he filed them. *See* PCRA Ct. Op. at 9. Thus, on one hand, the court found Appellant's request to amend lacking specificity, and on the other, found Appellant was not entitled to file a *pro se* petition to amend while represented by counsel.

In any event, our review of Attorney McDermott's "no merit" letter and petition to withdraw supports Appellant's claim that counsel failed to provide him with "a meaningful opportunity to obtain review." *See* Appellant's Brief at 38. Despite the fact that Appellant submitted several *pro se* filings seeking to amend his original petition, there is no indication in the record that Attorney McDermott ever contacted Appellant before submitting his petition to withdraw and "no merit" letter. Indeed, in his "no merit" letter, Attorney McDermott avers that "after a thorough review of the file, I have come to the conclusion that **the petition** has no merit." Attorney McDermott's "No Merit" Letter at 1 (emphasis added). *See also id.* at 4 (explaining "[c]ounsel reviewed the *pro se* petition, the Superior Court Opinion, [and] transcript[s]"). Nevertheless, the only issue he identifies in the "no merit" letter is the ineffectiveness claim Appellant raised in his original *pro se* petition. *See id.* at 5. Attorney McDermott does not state he ever consulted, or attempted to consult, with Appellant regarding possible additional claims. The same is true for his petition to withdraw. Attorney McDermott avers that he "carefully examined the facts and matter contained in the record . . . and has concluded that **the petition** does present a frivolous legal question." Attorney

McDermott's Petition for Leave to Withdraw as Counsel, 11/14/19, at 3 (unpaginated).

A petitioner's "enforceable" rule-based right to counsel for a first PCRA petition necessarily presumes counsel will consult with the petitioner. While we do not question Attorney McDermott's averment that he undertook a careful review of Appellant's record, he does not aver that he ever contacted Appellant to discuss any additional claims Appellant wished to raise in his petition.

Thus, we are constrained, once again, to vacate the order dismissing Appellant's PCRA petition. We further remand the case to the PCRA court, which may either appoint new counsel for Appellant or vacate its order granting Attorney McDermott's petition to withdraw and order him to file either an amended PCRA petition or fully comply with the requirements of **Turner**/**Finley**.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/4/21

- 10 -