J-A23044-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM SANCHEZ | : | |
| | : | |
| Appellant | : | No. 1632 MDA 2022 |

Appeal from the PCRA Order Entered November 2, 2022
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0005344-2015

BEFORE:   LAZARUS, J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:            **FILED: DECEMBER 21, 2023**

Appellant, William Sanchez, presents this counseled appeal from the order entered in the Court of Common Pleas of Dauphin County dismissing as meritless his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  Herein, Appellant contends PCRA counsel denied him of his rule-based right to counsel as a first-time PCRA petitioner by failing to communicate with him through a Spanish language interpreter prior to filing her motion to withdraw as counsel.  We affirm.

The PCRA court has set forth the pertinent facts and procedural history, as follows:

> Following [Appellant's criminal] trial held October 3, 2017, through October 6, 2017, the jury found [Appellant] guilty of Murder in the First Degree and Resisting Arrest.  The [trial] court imposed a sentence of life without parole on the Murder conviction

---

[*] Former Justice specially assigned to the Superior Court.

and a concurrent sentence of 1-2 years on the conviction of Resisting Arrest.

[Appellant] filed a Post Sentence Motion on October 16, 2017, to which the Commonwealth filed an Answer on October 18, 2017. The [trial ]court denied [Appellant's] Post Sentence Motion by Order of November 16, 2017.

[Appellant] filed a Notice of Appeal on December 8, 2017. The Superior Court affirmed the judgment by Memorandum Opinion filed December 18, 2018. The Supreme Court denied [Appellant's] Petition for Allowance of Appeal on August 2, 2019.

[Appellant] filed a timely Pro Se Petition for Post Conviction Collateral Relief on November 4, 2019. The [PCRA] court appointed Michael Palermo, Esq. as PCRA counsel on November 6, 2019. On December 5, 2019, [Appellant] filed a Motion to Schedule **Grazier** Hearing. Following several continuances, [the trial court] conducted a **Grazier** hearing on May 24, 2021, at which [Appellant] stated his desire to proceed with representation by Attorney Palermo. By Order filed May 24, 2021, [the PCRA court] directed that Attorney Palermo file a PCRA Petition on [Appellant's] behalf within 20 days thereof. Attorney Palermo did not comply with [the PCRA court's] May 24, 2021, Order.

On November 30, 2021, [the PCRA court] ordered Attorney Palermo removed and appointed Kristen Weisenberger, Esq. as PCRA counsel. On January 4, 2021, [the PCRA court] granted Attorney Weisenberger's Request for Extension of Time to File Supplemental PCRA Petition. On March 2, 2022, Attorney Weisenberger file the instant Motion to Withdraw under the Post-Conviction Relief Act.

Based upon the averments in the Motion to Withdraw, as discussed *infra*, [the PCRA court] deemed it necessary to conduct an evidentiary hearing as to [Appellant's] claim that trial counsel failed to adequately meet with him prior to trial. With respect to that single issue, on April 8, 2022, [the PCRA court] appointed LaTasha Williams, Esq., to represent [Appellant]. On June 7, 2022, Attorney Williams filed Appellant's Motion for Leave of Court to Supplement [Appellant's] *Pro Se* PCRA petition. On June 21, 2022, [the PCRA court] ordered that [Appellant's] Motion for Leave of Court to Supplement [Appellant's] *Pro Se* PCRA petition would not be entertained in that [the PCRA court's] April 8, 2022

- 2 -

> Order limited the scope of Attorney Williams' representation at that juncture to representation of [Appellant] at the evidentiary hearing on the single issue identified in our appointment Order, that is, the allegation of "counsels' failure to meet and prepare for trial."
>
> After the grant of continuances, [the PCRA court] conducted an evidentiary hearing on August 24, 2022.

PCRA Court Opinion, 12/19/23, at 1-2.

On October 10, 2022, the PCRA Court filed its memorandum opinion and order granting Attorney Weisenberger's Motion to Withdraw and giving Rule 907 notice of its intention to dismiss Appellant's petition for PCRA relief. On October 31, 2022, Attorney Williams filed on Appellant's behalf objections to the PCRA Court's Rule 907 notice, but the PCRA court issued a final Order of November 2, 2022, dismissing Appellant's PCRA petition. This timely appeal follows.

Appellant, through Attorney Williams, raises the following issue for this Court's consideration:

> Did the PCRA Court commit an abuse of discretion and error of law when it denied Attorney Williams's Motion for Leave of Court to Supplement/Amend Appellant's *pro se* PCRA petition?

Brief of Appellant, at 3.

We first consider the applicable standard of review:

> [A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record and reviews its conclusions of law to determine whether they are free from legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level.

***Commonwealth v. Charleston***, 94 A.3d 1012, 1019 (Pa. Super. 2014) (citation omitted). "It is an appellant's burden to persuade us that the PCRA court erred and that relief is due." ***Commonwealth v. Stansbury***, 219 A.3d 157, 161 (Pa. Super. 2019) (citation omitted).

The crux of Appellant's claim is that the PCRA court erred in denying Attorney Williams's motion to supplement Appellant's *pro se* PCRA petition where it was evident that appointed PCRA counsel, Attorney Weisenberg, had rendered ineffective assistance of counsel when she failed to meet with Appellant to discuss, with the aid of a Spanish language translator, amending his PCRA petition with issues not included in his *pro se* PCRA petition. After careful review, we disagree.

A PCRA petitioner has a rule-based right to the appointment of counsel for a first petition and, with that right, is entitled to the effective assistance of counsel. ***Commonwealth v. Bradley***, 261 A.3d 381, 391 (Pa. 2021); ***Commonwealth v. Lindsey***, 687 A.2d 1144, 1145 (Pa. Super. 1996). It follows that PCRA counsel must file either an amended PCRA petition or seek withdrawal with a ***Turner***/***Finley*** no-merit letter. ***Commonwealth v. Burkett***, 5 A.3d 1260, 1277 (Pa. Super. 2010). Counsel seeking to withdraw under ***Turner***/***Finley*** must have reviewed the case zealously. ***Commonwealth v. Muzzy***, 141 A.3d 509, 510–11 (Pa. Super. 2016) (citations omitted).

A petitioner is permitted to raise claims of ineffective PCRA counsel at the first opportunity, even if on appeal. **Bradley**, 261 A.3d at 405. It is well settled that,

> counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. **Strickland v. Washington**, [ ] 104 S. Ct. 2052, [ ] (1984). This Court has characterized the **Strickland** standard as tripartite, by dividing the performance element into two distinct parts. **Commonwealth v. Pierce**, [ ] 527 A.2d 973, 975 ([Pa.] 1987). Thus, to prove counsel ineffective, [a]ppellant must demonstrate that: (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) [a]ppellant was prejudiced by counsel's act or omission. **Id.** at 975.

**Commonwealth v. Koehler**, 36 A.3d 121, 132 (Pa. 2012).

> Generally, counsel's assistance is deemed constitutionally effective if the chosen particular course of conduct had some reasonable basis designed to effectuate the client's interests. To demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. A reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding.
>
> \* \* \*
>
> [A petitioner] is required to show actual prejudice; that is, that counsel's ineffectiveness was of such magnitude that it 'could have reasonably had an adverse effect on the outcome of the proceedings.'

**Charleston**, 94 A.3d at 1019 (paragraph breaks added), *citing*, *inter alia*, **Strickland**; **Commonwealth v. Pierce**, 527 A.2d 973 (Pa. 1987). With these principles in mind, we turn to Appellant's claim.

Appellant's position that he was denied effective assistance of PCRA counsel turns on Attorney Williams's assertion that her own translator-aided meeting with Appellant led her to believe that meritorious claims may be discovered through consultation with Appellant. The entirety of Appellant's argument in this regard reads,

> [u]ndersigned counsel virtually met with Mr. Sanchez on May 20, 2022. Through an interpreter, Mr. Sanchez articulated to the undersigned his concerns with clarity, intelligibility, and conciseness—a diametrical difference from his written *pro se* Petition. As a result, the undersigned believes that Mr. Sanchez has meritorious claims that extend beyond the scope of "Counsel(s)' failure to meet and prepare for trial."

Brief of Appellant, at 10-11.

Attorney Williams fails to specify either what those claims are that Attorney Weisenberger could have presented to the PCRA court had she conducted a translator-aided interview with Appellant or how such claims possess arguable merit. The absence of such a discussion is detrimental to the present appeal, as it was Appellant's burden to establish, *inter alia*, the arguable merit of the legal issues he claims PCRA counsel should have asserted. **See Koehler**, 36 A.3d at 132. Thus, he fails to prove that Attorney Weisenberger rendered ineffective assistance of counsel.

To the extent Appellant appears to suggest, without further discussion, that Attorney Weisenberger's failure to meet with him amounted to an entire denial of his right to PCRA counsel, the record belies the suggestion. Here, the record shows that Attorney Weisenberger's no-merit letter discussed each

issue set forth in Appellant's *pro se* PCRA petition and determined that each lacked merit. Her no-merit letter also explained that she undertook a comprehensive review of the record and discerned no colorable claim to raise in a counseled amended petition. ***See Commonwealth v. Muzzy***, 141 A.3d 509, 510–11 (Pa. Super. 2016) (outlining a counsel's compliance with procedural requirements for withdrawing as counsel). As Attorney Weisenberger satisfied her obligations as PCRA counsel under ***Turner/Finley***, Appellant was not effectively uncounseled during his PCRA phase.

For the reasons discussed, we conclude Appellant is not entitled to the relief he seeks.

Order affirmed.


Judgment Entered.


_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary


Date: 12/21/2023