J-S02031-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROSCOE WILLIAMS | : | |
| | : | |
| Appellant | : | No. 472 EDA 2020 |

Appeal from the PCRA Order Entered January 8, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0010480-2014

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                          **FILED JUNE 1, 2021**

Appellant Roscoe Williams appeals from the order denying as meritless his timely petition filed pursuant to the Post Conviction Relief Act[1] (PCRA) following an evidentiary hearing.  Appellant's present counsel, John M. Belli, Esq., has filed a petition to withdraw in this Court and a ***Turner/Finley***[2] brief. We affirm the PCRA court's order and grant counsel's petition to withdraw.

In addressing Appellant's direct appeal, a prior panel of this Court provided the following summary of the relevant facts and procedural history:

> On August 12, 2014, Timothy Matthews left his place of employment on City Avenue and took a "hack cab" to his home. The driver of the hack cab identified himself as "Major."  Matthews

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) (stating the procedure for counsel to withdraw in collateral attacks on criminal convictions); ***see also Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*) (same).

instructed Major to take him to 1611 West Loudon Street where Matthews resided at the time. Major drove on City Avenue toward Matthews' home, but then drove past where he needed to turn for Matthews' home. Matthews became suspicious because Major drove past where he needed to turn to get to his house. Matthews asked Major what was happening, to which Major responded that he needed to stop briefly to take care of his child.

After parking on the 5200 block of Hutchinson Street, Major entered a residence located at 5235 Hutchinson Street. While waiting for Major to return, two individuals—later identified as Appellant and co-defendant Jamal Wilson—aggressively approached Matthews. Matthews described the two individuals as a tall, skinny male wearing sweat pants and a white t-shirt and a fat male wearing a red hoody. Matthews observed Appellant exit the residence at 5235 Hutchinson Street—the same house Major entered—prior to Appellant approaching him. As Appellant and co-defendant Wilson approached, Matthews backed up onto a nearby porch. After backing Matthews onto the porch, co-defendant Wilson produced a small handgun from his waist and pointed it inches away from Matthews' midsection. While co-defendant Wilson pointed the gun at him, Matthews removed $302 from his pockets and handed it to Appellant, who was next to co-defendant Wilson.

After handing over the money, Matthews fled on foot and called 911. As he was running away, Matthews observed Philadelphia Police Officer Bacon, who was responding to the 911 call. Officer Bacon returned with Matthews to the scene of the robbery where he had identified Appellant to Officer Bacon as the skinny male who took his money while co-defendant Wilson pointed the gun at him. Matthews identified co-defendant Wilson to Officer Bacon as the fat male who pointed the gun to his midsection.

A jury ultimately found Appellant guilty of robbery and conspiracy to commit robbery. On September 18, 2015, the trial court sentenced him to an aggregate term of 10 to 20 years' imprisonment.

*Commonwealth v. Williams*, 170 A.3d 1251, 3144 EDA 2015, 2017 WL 2274634, at *1 (Pa. Super. filed May 24, 2017) (unpublished mem.) (citation omitted and formatting altered). Appellant filed a timely appeal, and we

affirmed Appellant's judgment of sentence on May 24, 2017.[3]  ***Id.***  Appellant

did not file a petition for allowance of appeal in our Supreme Court.

On June 13, 2017, Appellant filed a *pro se* PCRA petition, and the PCRA

appointed Joyce Ullman, Esq., to represent Appellant.[4]  Thereafter, Attorney

Ullman filed an amended PCRA petition on November 22, 2017, and a second

amended PCRA petition on November 21, 2018.  After numerous

continuances, the PCRA court held hearings on January 3 and 8, 2020.  At the

conclusion of the January 8, 2020 hearing, the PCRA court dismissed

Appellant's PCRA petition.  Appellant filed a timely appeal on January 31,

2020.[5]  The PCRA court did not order Appellant to file a concise statement of

errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

In the ***Turner/Finley*** brief, present counsel for Appellant raises the

following issues:

_____

[3] Christopher J. Evarts, Esq. (trial counsel), represented Appellant at trial and throughout the direct appeal process, and there is no indication in the record that Attorney Evarts was permitted to withdraw prior to Appellant filing his *pro se* PCRA petition on June 13, 2017.

[4] It is unclear when the PCRA court appointed Attorney Ullman to represent Appellant.  Attorney Ullman's name first appears on the record in a docket entry on August 25, 2017, indicating that Appellant's PCRA hearing was continued.  However, as noted below, the PCRA court vacated Attorney Ullman's appointment prior to this appeal.

[5] On February 7, 2020, the PCRA court vacated Attorney Ullman's appointment as Appellant's PCRA counsel.  Present counsel, Attorney Belli, was subsequently appointed to represent Appellant.

1. The PCRA court committed an abuse of discretion by denying Appellant['s] post-conviction collateral relief on his claim asserting that trial counsel was ineffective for failing to call alibi witness Samuel Baxter as a defense witness during Appellant's trial.

2. The PCRA court committed an abuse of discretion by denying Appellant['s] post-conviction collateral relief on his claim asserting that trial counsel was ineffective for advising him not to testify in his own defense.

3. The PCRA court committed an abuse of discretion by denying Appellant['s] post-conviction collateral relief on his claim asserting that trial counsel was ineffective for failing to conduct an adequate pretrial investigation and for not adequately representing Appellant during the trial.

*Turner/Finley* Brief at 13, 18, 21 (formatting altered). Appellant did not file a *pro se* or counseled response to present counsel's petition to withdraw.

Initially, we must address whether present counsel has fulfilled the procedural requirements for withdrawing his representation of Appellant in this Court. *Commonwealth v. Muzzy*, 141 A.3d 509, 510 (Pa. Super. 2016) (stating that before "addressing the merits of the appeal, we must review counsel's compliance with the procedural requirements for withdrawing as counsel" (citation omitted)). In *Muzzy*, we explained:

[c]ounsel petitioning to withdraw from PCRA representation must proceed under [*Turner* and *Finley*] and must review the case zealously. *Turner/Finley* counsel must then submit a "no-merit" letter to the [PCRA] court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw;

and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

Where counsel submits a petition and no-merit letter that satisfy the technical demands of **Turner/Finley**, the court—[PCRA] court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

*Id.* at 510-11 (citations omitted and formatting altered).

In his petition to withdraw and brief to this Court, present counsel notes his review of the case and includes the issues that Appellant wishes to have reviewed. Present counsel sets forth reasons why the issues lack merit and requests permission to withdraw. Additionally, present counsel has provided Appellant with a copy of the **Turner/Finley** brief and application to withdraw, as well as a statement advising Appellant of his right to proceed *pro se* or with privately retained counsel. Accordingly, present counsel has complied with the technical requirements for seeking withdrawal, and we proceed to an independent review of counsel's assessment that this appeal has no merit.

Underlying each of the issues identified by present counsel is a claim that trial counsel was ineffective. We review these issues bearing in mind the following standards:

[O]ur standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

- 5 -

Furthermore, to establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

We have explained that a claim has arguable merit where the factual averments, if accurate, could establish cause for relief. Whether the facts rise to the level of arguable merit is a legal determination.

The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success. Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.

Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective. Moreover, a failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043-44 (Pa. Super. 2019)

(citations omitted and formatting altered), *appeal denied*, 216 A.3d 1029 (Pa. 2019).

However, before we may address the issues presented, we must first determine whether the PCRA court had jurisdiction to consider Appellant's PCRA petition. A PCRA petition "shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). Further, Section 9545 explains:

> For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.C.S. § 9545(b)(3); **see also** Pa.R.Crim.P. 901, cmt.

Under the PCRA, Appellant's judgment of sentence did not become final until Friday, June 23, 2017, when the time for filing a petition for allowance of appeal in our Supreme Court expired. 42 Pa.C.S. § 9545(b)(3); **see also** Pa.R.A.P. 1113(a) (providing that an appellant has thirty days to file a petition for allowance of appeal with our Supreme Court). Therefore, when Appellant filed his *pro se* PCRA petition on June 13, 2017, the thirty-day period in which Appellant could have pursued an appeal in our Supreme Court had not yet expired, and his *pro s*e petition was premature.

However, after Attorney Ullman was appointed to represent Appellant, she filed a timely PCRA petition on November 22, 2017, after Appellant's judgment of sentence became final. Accordingly, we conclude that this timely filing permitted the PCRA court to address Appellant's claims. **See e.g., Commonwealth v. Humphries**, 1021 WDA 2020, 2021 WL 1230478, at *2, n.2 (Pa. Super. filed Mar. 31, 2021) (unpublished mem.) (concluding that

although the defendant filed a premature *pro se* PCRA petition prior to the expiration of the time for seeking direct review, the subsequent filing of a timely, counseled PCRA petition occurred after the defendant's judgment of sentence became final, and it allowed the PCRA court to proceed with its review of the defendant's claims under the PCRA).[6]

Present counsel first addresses Appellant's claim that trial counsel was ineffective in failing to call Samuel Baxter (Baxter) as an alibi witness at Appellant's trial. **Turner/Finley** Brief at 13. In the **Turner/Finley** brief, counsel notes the requirements for proving such a claim and concludes that Appellant cannot meet this burden. **Id.** at 14. The Commonwealth agrees with counsel's contention and asserts that the PCRA court properly denied Appellant's claim of ineffective assistance of counsel relative to calling Baxter as a witness. Commonwealth's Brief at 4.

In order to establish that counsel was ineffective for failing to call a witness at trial, the petitioner must establish:

> (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew, or should have known, of the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

**Commonwealth v. Wantz**, 84 A.3d 324, 331 (Pa. Super. 2014) (citations omitted). In analyzing the prejudice prong, our standard of review is the same

---

[6] Unpublished, non-precedential decisions of this Court that are filed after May 1, 2019, "may be cited for their persuasive value." Pa.R.A.P. 126(b)(1)-(2); **see also** 210 Pa. Code § 65.37(B).

as that for determining ineffective assistance of counsel; *i.e.*, we must determine whether there is a reasonable probability that the outcome of the trial would have been different if the witness had testified. **Id**. at 333-34; **see also Sandusky**, 203 A.3d at 1044. Additionally, we note that "an alibi is a defense that places the defendant at the relevant time in a different place than the scene involved and so removed therefrom as to render it impossible for him to be the guilty party." **Commonwealth v. Jones**, 210 A.3d 1014, 1017 (Pa. 2019) (citation omitted and formatting altered).

The PCRA court addressed this issue as follows:

Here, the PCRA court properly dismissed [Appellant's] ineffectiveness claim because [Appellant] failed to establish all of the elements required for PCRA relief. First, although Baxter was in the courtroom on the first day of trial, he never informed [Appellant's] trial counsel that he was present and—after being asked to leave the courtroom by a deputy sheriff for a cell phone violation—he never returned to the courtroom again. Baxter was not banned or prohibited from returning to the courtroom; he simply never returned. As a result, there was no evidence that he was available to testify or ready, willing and able to testify at [Appellant's] trial.

Second, the failure to call [Appellant's] purported alibi witness caused no prejudice because Baxter's testimony does not constitute a proper alibi defense. An alibi is a defense that places the defendant at the relevant time in a different place than the scene involved and so removed therefrom as to render it impossible for him to be the guilty party. This is not to say that a defendant must be a minimum distance away from the scene of the crime in order to support an alibi. All that is required is that the defendant, because of the separation, could not possibly have committed the crime. At trial, the victim testified that he observed [Appellant] leave 5235 N. Hutchinson St. immediately before being approached by [Appellant] and robbed at gunpoint. [Appellant's] purported alibi witness would have placed [Appellant] at 5239 N. Hutchinson Street—only two row houses

away on the same side of the street—at the time of the crime. As such, Baxter's testimony—even if believed—was not a proper alibi defense because it did not place [Appellant] at the relevant time in a different place than the scene involved and so removed therefrom as to render it impossible for [Appellant] to be the guilty party.

PCRA Ct. Op., 6/25/20, at 7.

We agree with the PCRA court's conclusions. At the PCRA hearing, Appellant's trial counsel testified that he met with Appellant prior to trial on at least two occasions. N.T. PCRA Hr'g, 1/3/20, at 9. Trial counsel testified that he had no recollection of Appellant mentioning an alibi witness and had not heard Baxter's name prior to the PCRA hearing. *Id.* at 12, 68. Although trial counsel was aware that an individual in the courtroom during Appellant's trial was asked to leave, he testified that he did not know whether this individual was Baxter; regardless, trial counsel was neither aware of Baxter, nor had any indication that Baxter wanted to testify. *Id.* at 67-68. As noted, the PCRA court agreed with Appellant's trial counsel. There was no evidence that trial counsel knew or should have known that Baxter existed, and there was no indication that Baxter was available and willing to testify.

Moreover, Appellant cannot meet his burden of proving that the failure to call Baxter as a witness was so prejudicial that it denied Appellant a fair trial. The record reflects that if Baxter had testified, his testimony would have placed Appellant at or near the crime scene at the time of the robbery. N.T. PCRA Hr'g, 1/3/20, at 144, 158. Indeed, Baxter's testimony placed Appellant at 5239 North Hutchinson Street at the time of the robbery—two doors down

from where the robbery occurred at 5235 North Hutchinson Street. Baxter's testimony would not have made it impossible for Appellant to be the guilty party. *See Jones*, 210 A.3d at 1017. Rather, we agree with the PCRA court's conclusion that Baxter's proposed testimony would have placed Appellant near the scene of the crime at the time the crime occurred. N.T. PCRA Hr'g, 1/8/20, at 50. After review, we agree with the PCRA court, and present counsel's conclusion, that Appellant's first claim of error is meritless.

In the second issue identified by present counsel, Appellant asserts that trial counsel was ineffective in advising Appellant not to testify in his own defense. *Turner/Finley* Brief at 18. In the *Turner/Finley* brief, counsel contends that the PCRA court committed no abuse of discretion in denying Appellant relief on this claim. *Id.* The Commonwealth agrees with counsel's contention and asserts that Appellant is entitled to no relief on this claim. Commonwealth's Brief at 4.

We note that the decision to testify on one's own behalf is left to the defendant after consultation with counsel. *Commonwealth v. Michaud*, 70 A.3d 862, 869 (Pa. Super. 2013). "In order to sustain a claim that counsel was ineffective for failing to advise the appellant of his rights in this regard, the appellant must demonstrate either that counsel interfered with his right to testify, or that counsel gave specific advice so unreasonable as to vitiate a knowing and intelligent decision to testify on his own behalf." *Id.* (citation omitted). "Counsel is not ineffective where counsel's decision to not call defendant was reasonable, *e.g.*, where defendant could be impeached with

his prior record of offenses *crimen falsi*." ***Commonwealth v. Daniels***, 999 A.2d 590, 596 (Pa. Super. 2010) (citation omitted).

Here, during the PCRA hearings, Appellant alleged that he wanted to testify at his trial. N.T. PCRA Hr'g, 1/3/20, at 100. Appellant alleged, however, that trial counsel convinced him not to testify. ***Id.*** Appellant testified that trial counsel explained that Appellant's prior conviction for burglary could negatively impact his testimony and that testifying was not in Appellant's best interest. ***Id.***

Additionally, during cross-examination at the PCRA hearing, the Commonwealth impeached Appellant's testimony with a recording of a telephone call that Appellant made from prison in which he stated that he was inclined not to testify. N.T. PCRA Hr'g, 1/3/20, at 117-22. After the recording of the telephone conversation was played, the Commonwealth asked Appellant the following questions:

> Q:     Okay. So you previously testified that you wanted to testify, and it was [trial counsel] that forced you not to testify?
>
> A:     No. I didn't say he forced me not to testify. I said being as though he was saying my background would come into question.
>
> Q:     But now you're saying on this tape, which is admittedly you, correct?
>
> A:     It is.

***Id.*** at 122-23. Moreover, the record reflects that at Appellant's trial, the trial court informed Appellant regarding his right to testify and questioned Appellant if he wanted to testify or remain silent. N.T. PCRA Hr'g, 7/15/15,

at 10-11. Appellant responded that he discussed with trial counsel the merits of testifying versus not testifying, and Appellant chose not to testify. *Id.*

At the conclusion of the PCRA hearings, the PCRA court concluded that Appellant made a knowing and voluntary decision not to testify. N.T. PCRA Hr'g, 1/8/20, at 52. Moreover, the PCRA court found that Appellant's testimony was not credible. *Id.* Additionally, the PCRA court explained in its Rule 1925(a) opinion that in addition to finding Appellant's testimony incredible, the court chose to credit the testimony of trial counsel. PCRA Ct. Op., 6/25/20, at 8. Therefore, the PCRA court found that trial counsel properly advised Appellant of his right to testify and explained that Appellant's burglary conviction would likely have a negative impact on his credibility. *Id.* The PCRA court found Appellant's claim meritless. *Id.* at 8-9.

After review, we find no error in the PCRA court's determination. We agree with the PCRA court's conclusion that trial counsel's legal advice was reasonable in that Appellant's prior robbery conviction would likely have negatively impacted his credibility, and counsel's advice did not impact Appellant's ability to make a knowing and voluntary decision about whether to testify. *See Michaud*, 70 A.3d at 869; *Daniels*, 999 A.2d at 596. Accordingly, we agree with present counsel's conclusion that this claim lacked merit.

In the final issue identified by present counsel, Appellant alleges that trial counsel was ineffective for failing to conduct an adequate pretrial investigation and for not adequately representing Appellant during the trial.

The Commonwealth counters that the PCRA court held evidentiary hearings, heard testimony from trial counsel regarding trial strategy and preparation, and concluded that Appellant was not credible, his claims lacked merit in light of counsel's contrary testimony, and Appellant failed to prove that he was prejudiced by counsel's actions at trial. Commonwealth's Brief at 5 (citing N.T. PCRA Hr'g, 1/3/20, at 7-77).

In the **Turner/Finley** brief, present counsel points out that these specific claims of ineffectiveness involving counsel's alleged failure to conduct pretrial investigation and failure to adequately represent Appellant at trial, were not raised in either of Appellant's counseled PCRA petitions. **Turner/Finley** Brief at 22.[7] However, we note that allegations concerning trial counsel's trial preparation and strategy were argued during the PCRA hearings, and despite the Commonwealth's objection to an "ineffective assistance of counsel hearing by ambush,"[8] the PCRA court afforded Appellant's counsel an opportunity to argue this issue. N.T. PCRA Hr'g, 1/3/20, at 7-61. Additionally, the PCRA court addressed these claims in its findings and rulings on the record at the conclusion of the PCRA hearings. N.T. PCRA Hr'g, 1/8/20, at 49. Furthermore, as Appellant's counsel filed a **Turner/Finley** brief, we may address the issue in conducting our independent

---

[7] As noted above, the PCRA court did not order Appellant to file a Rule 1925(b) statement.

[8] N.T. PCRA Hr'g, 1/3/20, at 53.

- 14 -

review of the record. *See Muzzy*, 141 A.3d at 511. Ultimately, however, we conclude that this claim is meritless.

It is well settled that "[c]ounsel has a duty to undertake **reasonable** investigations . . . ." *Commonwealth v. Tedford*, 960 A.2d 1, 39 (Pa. 2008) (citation omitted) (emphasis in original). However, "counsel cannot be deemed ineffective for failing to investigate and introduce information" about which he could not possibly know or that which is uniquely within the knowledge of the defendant and not supplied to counsel. *Id.* (citation omitted).

Instantly, the record reveals that during the PCRA hearings, Appellant's trial counsel was questioned about his trial preparation and trial strategy. N.T. PCRA Hr'g, 1/3/20, at 7-61. At the conclusion of the hearing on January 8, 2020, the PCRA court concluded that there was no merit to Appellant's claims. N.T. PCRA Hr'g, 1/8/20, at 49-50. The PCRA court found trial counsel's testimony credible and found that trial counsel and the investigator interviewed Appellant at least twice prior to trial. Appellant had ample opportunities to discuss issues concerning the trial and inform trial counsel about any witnesses. However, the PCRA court concluded that Appellant never identified any witness, including Baxter, which would have obligated counsel to conduct further investigation, and there was no ineffectiveness for failing to prepare for trial. *Id.* Insofar as Appellant alleged that counsel failed to adequately represent Appellant at trial, the PCRA court found that this claim was meritless. *Id.* The PCRA court credited counsel's testimony and

- 15 -

concluded that Appellant failed to establish any alleged error altered the outcome of the trial. *Id.*

The PCRA court's findings and credibility determinations are supported by the record, and we defer to those conclusions. *See Sandusky*, 203 A.3d at 1043. As the PCRA court noted, Appellant had opportunities to discuss witnesses and to provide counsel with any other relevant information. However, the PCRA court credited trial counsel's testimony that Appellant failed to provide trial counsel such information.

Based on the record before us, we discern no basis upon which to conclude that but for trial counsel's actions or inactions that the result of Appellant's trial would have been different. As such, Appellant cannot sustain his burden of proving that counsel was ineffective, and we agree with the PCRA court's conclusion that this claim presented no meritorious issues. *See Muzzy*, 141 A.3d at 510.

In conclusion, after reviewing the issues presented in the *Turner/Finley* brief and following our independent review of the record, we agree with present counsel's assessment and conclude that Appellant is due no appellate relief. Accordingly, we affirm the order denying Appellant's PCRA petition and grant present counsel's petition to withdraw.

Order affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/01/2021</u>