J-S19027-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAQUAWN BASHIRI KING | : | |
| | : | |
| Appellant | : | No. 1661 MDA 2022 |

Appeal from the Judgment of Sentence Entered October 24, 2022
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s):  CP-54-CR-0001487-2020

BEFORE:  BENDER, P.J.E., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED SEPTEMBER 19, 2023**

Daquawn Bashiri King appeals from the judgment of sentence entered following his convictions for violations of The Controlled Substance, Drug, Device and Cosmetic Act and his plea of *nolo contendere* to violations of The Uniform Firearms Act. King's counsel ("Counsel") has submitted an **_Anders_**[1] brief and attached to it the first page of a Motion to Withdraw. We find Counsel's attempt to withdraw to be defective, deny the Motion, and instruct Counsel to cure the defects.

According to the affidavit of probable cause, a police officer on patrol came across an incorrectly parked vehicle that was still running and had its lights on. The officer saw that there was a silver handgun sitting in the center console. King exited a nearby building and admitted that he had been driving

_____

[1] **_Anders v. California_**, 386 U.S. 738 (1967).

the vehicle but denied that the firearm belonged to him. King consented to a search of the vehicle, during which the officer recovered several marijuana cigarettes, two marijuana grinders, and two white wax baggies containing a white powdery substance. *See* Affidavit, 7/3/20, at 1.

Following a trial, the jury found King guilty of possession of a controlled substance (fentanyl) and possession of drug paraphernalia.[2] The court found King guilty of possession of a small amount of marijuana.[3] However, the jury was deadlocked on two other charges: persons not to possess firearms, and firearms not to be carried without a license.[4] The court declared a mistrial on the firearms charges. On the date of the rescheduled trial, King entered a plea of *nolo contendere* to those charges. The court sentenced him to serve an aggregate term of seven to 15 years' incarceration. King did not file any post-sentence motions but filed a notice of appeal.

In this Court, Counsel filed a brief pursuant to *Anders*, reviewing the procedural history of the case, the merits of an appeal, and stating his belief "that there are no valid grounds for appeal and that said appeal is wholly frivolous." *Anders* Br. at 10. In its conclusion, the brief states, "A letter sent to [King], along with a copy of this brief and Motion to Withdraw, is attached

---

[2] 35 P.S. §§ 780-113(a)(16) and (a)(32), respectively.

[3] 35 P.S. § 780-113(a)(31)(i).

[4] 18 Pa.C.S.A. §§ 6105(a)(1) and 6106(a)(1), respectively.

hereto, as Exhibit 'B' and Exhibit 'C' and is incorporated herein by reference thereto." *Id.* at 15.

Exhibit B to the brief includes the first page of a Motion to Withdraw, which states as follows:

### MOTION TO WITHDRAW AS COUNSEL

[Counsel,] Assistant Public Defender, hereby submits this Application for Leave to Withdraw as Counsel for the following reasons:

1. [Counsel] is an Assistant Public Defender for Schuylkill County and represents the Appellant on his appeal of judgement of sentence.

2. Upon review of the record, Counsel has determined there are no grounds for appeal.

3. In the event the Court grants this Petition of Counsel to withdraw, Appellant has the right to proceed *pro se* and/or with the assistance of privately retained counsel.

4. Pursuant to this determination, Counsel has sent a brief to the Court with a copy to the Appellant, advising that Counsel finds no merit to the appeal and that Appellant has the right to proceed *pro se* or with privately retained counsel.

*Id.* at Ex. B.[5] There is no conclusion, signature, or certificate of service for the motion. The final page of the brief is a cover page labeled "Exhibit 'C'." *Id.* at Ex. C. However, no exhibit follows the cover page. Counsel has not filed any application to withdraw separately from his brief. King has not filed any response.

---

[5] Exhibit B also includes a draft order granting the Motion, and a second copy of the first page of the Motion.

Before assessing the appeal on the merits, we must pass on counsel's request to withdraw. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa.Super. 2007) (*en banc*). Counsel seeking to withdraw pursuant to *Anders* must author a brief that

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009). In addition to filing an *Anders* brief, counsel must

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa.Super. 2013) (*en banc*).

Counsel has not complied with the foregoing requirements. Although Counsel filed an *Anders* brief, he only attached to it the first page of his Motion to Withdraw, not the entire Motion. In addition, Counsel attached this page as an exhibit to his brief, rather than filing an application in this Court.

Furthermore, although Counsel asserts that he sent King a letter advising him of his rights and that he attached a copy of both the Motion to

- 4 -

Withdraw and the **Anders** brief, Counsel has failed to provide this Court with a copy of the letter or any documentation supporting his assertion that he sent King a letter enclosing the relevant documents.

Moreover, and perhaps most importantly, without a copy of the letter, we cannot confirm that Counsel adequately notified King of his immediate right to proceed in this Court *pro se* or with privately retained counsel. This defect is particularly troubling where, as here, this Court has not received any response from King regarding the appeal. It seems unlikely that Counsel correctly notified King of his rights, as Counsel's Motion to Withdraw erroneously states that King has the right to proceed *pro se* or with other counsel only after this Court allows counsel to withdraw. **See Commonwealth v. Muzzy**, 141 A.3d 509, 512 (Pa.Super. 2016) (explaining that, unlike withdrawal of counsel before the trial court, an appellant has the immediate right to proceed with an appeal *pro se* or with other private counsel once appellate counsel moves to withdraw).

We therefore instruct Counsel, within 30 days of the filing of this memorandum, to file an application to withdraw that conforms to the above requirements. With his application, Counsel must provide documentation that he has accurately advised King of his rights and that he has furnished King with a copy of both the application to withdraw and the **Anders** brief.

Request to withdraw denied with instructions. Panel jurisdiction retained.