J-S31037-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MIGUEL EDUARDO ROSARIO | : | |
| | : | |
| Appellant | : | No. 746 EDA 2024 |

Appeal from the PCRA Order Entered February 1, 2024
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0003135-2019

BEFORE:  BOWES, J., McLAUGHLIN, J., and BECK, J.

MEMORANDUM BY BECK, J.:                           **FILED SEPTEMBER 24, 2024**

Miguel Eduardo Rosario ("Rosario") appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] Bingham's counsel, Attorney Mark F. Lovecchio ("Counsel"), has filed a petition to withdraw representation and an accompanying brief.[2]  Counsel has

_____

[1]  42 Pa.C.S. §§ 9541-9546.

[2] Counsel filed a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967). This is technically incorrect, as a brief pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (en banc), is the appropriate filing where counsel seeks to withdraw from the dismissal of PCRA relief.  Nevertheless, because an ***Anders*** brief provides greater protection to a defendant, we accept this brief and will address Counsel's application under the precepts of ***Turner***/***Finley***. ***See Commonwealth v. Widgins***, 29 A.3d 816, 817 n.2 (Pa. Super. 2011). Further, based upon our disposition, we caution Counsel "to utilize the proper procedural construct in the future."  ***Commonwealth v. Muzzy***, 141 A.3d 509, 510 n.3 (Pa. Super. 2016).

not, however, fulfilled the technical mandates of *Turner*/*Finley*. We therefore direct Counsel to cure the defects before we address the merits of the appeal.

On January 21, 2020, the Commonwealth charged Rosario with numerous criminal counts. On October 5, 2021, the Commonwealth filed a motion to nol pros the charges in favor of a federal prosecution. On October 21, 2021, the trial court granted the Commonwealth leave to nol pros the charges. Rosario filed an untimely notice of appeal, which this Court quashed on March 3, 2023. *Commonwealth v. Rosario*, 21 EDA 2022 (Pa. Super. filed Mar. 3, 2023) (per curiam order).

On March 23, 2023, Rosario filed a pro se PCRA petition. The PCRA court appointed counsel, who filed an amended petition. Subsequently, after providing notice as required by Pa.R.Crim.P. 907, the PCRA court dismissed the petition without a hearing. Rosario timely appealed.

Here, Counsel filed a *Turner*/*Finley* no-merit brief and petition to withdraw. As an initial matter, we must consider the adequacy of Counsel's *Turner*/*Finley* filings.

> Counsel petitioning to withdraw from PCRA representation must proceed under [*Turner*/*Finley*] and must review the case zealously. *Turner*/*Finley* counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

***Muzzy***, 141 A.3d at 510-11 (citation omitted). Further, counsel seeking to withdraw "must also send to the petitioner: (1) a copy of the 'no merit' letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel." ***Id.*** at 511 (citation omitted). With respect to the third prong, "the letter to the client … shall inform the PCRA petitioner that upon the filing of counsel's petition to withdraw, the petitioner-appellant has the immediate right to proceed in the appeal pro se or through privately-retained counsel." ***Id.*** at 512.

Here, Counsel failed to establish that he provided Rosario a copy of petition to withdraw or the ***Turner/Finley*** brief. In his petition, Counsel "certifies that a copy of this [m]otion to [w]ithdraw, as well as the [] brief and Reproduced Record have all be served on [Rosario]." Petition to Withdraw, 4/17/2024, at 2 (unnumbered). Counsel did not, however, attach the alleged letter to the petition to withdraw, and this Court therefore cannot confirm that he in fact sent it. ***See Muzzy***, 141 A.3d at 511.

Further, in his petition to withdraw, Counsel incorrectly informed Rosario that "if the [m]otion is granted, it will result in the dismissal of this appeal, but that [Rosario] has a right to file a response opposing the undersigned's [m]otion within thirty (30) days." Petition to Withdraw, 4/17/2024, at 1-2 (unnumbered). As noted above, once Counsel filed the petition to withdraw and ***Turner***/***Finley*** brief, Rosario has an immediate right to proceed either

*pro se* or with privately-retained counsel and cannot wait for this Court to act. *See Muzzy*, 141 A.3d at 512.

Accordingly, as Counsel failed to comply with the procedural requirements for withdrawing from representation, we deny his request to withdraw and remand this matter with instructions to ensure Rosario is afforded his rights under *Turner*/*Finley*. Counsel shall comply with the dictates of *Turner*/*Finley* within fifteen (15) days of this decision.

Petition to withdraw denied. Jurisdiction retained.